(EASTERN SHORE.)
EJECTMENT, brought to April term, 1794, for one undivided third part of a tract of land lying in Talbot county, called Hopton, containing 820 acres.
The defendant took defence upon warrant, and pleaded the general issue. Verdict for the plaintiff for an undivided third part of the tract of land called Hopton, according to certain metes and bounds described upon the plots returned in the cause, beginning, &c. including 320 acres, except 20 acres described by the following metes and bounds upon the said plots, beginning, &c. to contain 20 acres round the court-house % and verdict for the defendant for the residue. Judgment upon the verdict, &c<.
The defendant appealed to the court of appeals, where the cause was argued at June term, 1799.
This case comes before the court of appeals upon a bill of exceptions, on the face of which three points appear worthy of consideration.
First. Is the clause in the deed from Banbury and wife to Hemsiey a warranty, or is it only a covenant to warrant ?
By the appellant it is contended to be a warranty, and to prove it such he relies on Co. L t. 383. b. 384. a.
Why cannot a married woman during coverture do any act binding upon her ? Because she is presumed to be under the compulsion of her husband. But the reason does not apply to this case, because the act of 1715 provides for her private examination. A recovery as *413 well’ as a fine will bar a married woman, because of her private examination. But a deed will not, because there is no power to examine the wife. 1 Bac. Abr. 302. The season of the inefficacy of such a deed is good in En-glands but does not hold good in Maryland since the act of 1715.
A feme covert is bound by a fine where she is a party, because of her private examination, which excludes the idea of compulsion by the husband. 2 Bl. Com. 355.
So, too, does the acknowledgment of a deed by a feme covert, under the act of 1715, exclude the idea of compulsion by the husband. The act of 1715 introduces a mode of conveying by femes covert analogous to the common law mode of conveying by fine, and was intended to create an easy and effectual mode for wives to convey. No doubt by either mode the wife may convey, and effectually bind herself and all claiming under her. But can she in either case, or in both cases, bind herself by a warranty ? It is contended that the two cases stand upon the same ground, being both equally acts of record.
A fine is nothing more than a covenant between the parties, recorded before the justices. Cruise on Fines, 12. in the note., See the form of the concord on a fine. Cruise on Fines, 39.
Upon such a proceeding there is nothing to distinguish it from a deed of bargain and sale with warranty under the act of 1715. The latter is only a covenant recorded by the justices. If there is a difference, it is in favour of the latter; for by the act of 1715 the private examination must be certified ? in the case of a fine it is presumed. The concord recorded is not more operative in words than the covenant of a deed recorded. And the admitting of the latter to record is certainly as well guarded as the former.
A feme covert by fine may bind herself to warrant lands. 2 Com. Dig. 561. 2 Saund. 177. 180. The *414 reason urged, that a married woman may convey and not covenant, is overruled. In fact, the concord of a fine js gut a covenant enforced. The power to convey is the principal; the warranty is but an accessory ; the power to do the one necessarily draws after it the power to do the other.
Under the act of 1715, in the case of a man, the provision only goes to the passing of lands, &c. or, in other words, to conveying, which necessarily draws after it the warranty; so with married women joined with their husbands, and privily examined, to protect them from coercion, they have power to convey; and this, as in the case of a man, draws with it the power to warrant. Since the act of 1715 a married woman joined with her husband, and protected as that act directs, from the coercion of her husband, is as competent to convey to all intents and purposes as a single woman, and that power to convey, which is the principal, draws after it the power to warrant.
Thirdly. The three daughters making but one heir to the common ancestor, and having never been possessed, must join, and cannot make separate demises for their respective parts to try their titles separately.
In all cases where the right descends from one common ancestor, coparceners must join; otherwise, if they claim from different ancestors. 4 Com. Dig. 309. 2 Vin. 59. pl. 17.
They make but one heir, and do not each make a part of an heir. Co. Litt. 163. b. 164. a.
If coparceners be disseised before partition made between them, they must, in a possessory action, all join,
Upon the bill of exceptions in this case, two points arise. '1 he appellant in this court, and the defendant in the court below, claims under a deed executed the 24th of June, 1727, by Thomas Banbury and Esther his wife, by which they conveyed the premises in question to the father of the appellant in fee, with a warranty against them respectively, and especially against the heirs of Esther. The estate conveyed was the estate of Esther, and which she held in tail, and the plaintiff below, the appellee in this court, claims as heir in tail. To rebut this claim the appellant offered to show the warranty, and that assets in fee-simple, to the value of the land in dispute, had descended from Esther to the appellee.
The first point, therefore, is, can a feme covert enter into a warranty to bind her heirs, so that she and they may be rebutted from recovering the same land by ejectment l
Antecedent to our act of assembly which enabled the conveyance by a feme covert upon a private examination before a judge of the provincial court, or two county justices, there was no mode of conveying the real estate of a feme covert, except that established in England by fine levied in some court of record, where the wife was then privately examined by the court, or under a commission specially issued by the court for that purpose.
Our act of assembly was intended to facilitate conveyances, as well as to avoid the expense of levying a fine in all cases of coverture. Antecedent to that act, fines were common in this country% and the mode of examination prescribed by our act of assembly was intended in lieu of the fine, and to give the same powers to feme coverts under such private examination, as they had of disposing of property under a fine. It is a remedial *416 law, and ought to have a liberal construction. 5 T. R. 180.
But it is contended, that although the act of assembly gives a power to convey, it does not give a power to bind by covenant of warranty, which, it is contended, is distinct from the conveyance. But if the act gives a power to convey, which is the greater power, is it not just and reasonable that it should give all powers to make that conveyance effectual and binding, not only on the feme covert, but also on her issue.
The reason why a fine binds the feme covert and her issue, is on account of the private examination. 3 Atk. 712. And as there is a private examination by our law, there being the same reason there ought to be the samo law.
There can be no injury or damage resulting from this construction. In England a woman may bind herself by fine j and a fine may be made without a warranty. But if a warranty is annexed to it, she may be vouched on that warranty. It was alleged by the Attorney-General, in the court below, that the reason is, because the covenant in the caption of the fine to warrant makes part of the fine itself, and the statute in England, binding thelieirs of the feme covert by the fine, binds them by the warranty which makes part of it. He alleged also that the covenant in this case to warrant, made no part of the conveyance, which was good without it to- pass the land j that a covenant to make further assurances did not bind, though it was annexed to the deed of a feme covert.
To these objections it is answered, that although a warranty is made a part of the fine, and the party may vouch a Jeme covert upon such warranty ; yet there is a manifest difference between vouching or rebutting under a warranty, and bringing a personal action to recover damages. A covenant to make further assurance is merely personal, and a feme covert could no more bind herself by such covenant, than she could by a bond». I& *417 is collateral to the passing of the land. One could neither vouch.nor rebut upon such a covenant. But in the deed made by Banbury and wife, the clause under which the appellant shelters himself is not a covenant personal, hut a warranty, making part of the conveyance upon which he may rebut. See Co. Lit. 383. b. 384. a.
It is further to be observed, that the Attorney-General’s argument is not law, as he contends for it; for an action of covenant for damages upon the fine of a feme covert, is no more essential to such fine, than a warranty under our act of assembly. If the statute in England gave the power to a feme covert to bind herself by a warranty, for the purpose of being vouched or rebutted of any claim by her or her heirs, yet it gave no power to support a personal action against her for damages. We see, however, such an action of covenant may be brought against her. 2 Saund. 177. 180.
If an action of covenant may be brought for damages against a feme covert in England, because the deed is made good by the private examination, the same reason making the deed and warranty good in this case, she or her heirs may be rebutted. The same argument is urged in Saunders against the action of covenant, which the Attorney-General urged in the court below, but it was overruled.
A bargainee cannot vouch a warranty because he comes in in the post, but he may rebut. Saund. Uses & Trusts, 432. Co. Lit. 365. a. 385. a. 2 Roll. Abr. 786. 787. Shep. 327. 5 Bac. Abr. 447.
There can be no voucher to warranty upon an ejectment, because it is not a real action. Hob. 26. Yet it may be given in evidence (as we offered to do in this ease) to rebut. 1 Co. 120. b. 10 Co. 97. b.
If the warranty is good, of which there is no doubt, the warranty of tenant in tail, with assets descending on the issue, binds him. Harg. Co. Lit. 374. 1 Salk. 245. And so it has been decided in our general court.
*418 If the court of appeals should be of opinion with the appellant on this point, the judgment must be reversed. But if they should be of opinion against the appellant on that point, yet, if sufficient appears on the record to show that the plaintiff in ejectment ought not to recover, they must reverse the judgment on the whole record now before them. This brings me to the second question.
As she was not seised at her death, and her issue have never been seised since, they do not show any title by possession in themselves ; but claim and show title as heirs in tail to Mrs. Banbury. They must, therefore, all join in the action claiming under the seisin of their ancestor, because all three parceners make but one heir. The action being brought by one parcener, she is not heir, and cannot support the action without joining the others. See Co. Lit. 163. b. 164. a. 1 Bac. Abr. 444. 2 Vin. Abr. 39. pl. 17.
Upon the whole, it is contended for the appellant, that his construction of the law is founded upon reason, upon convenience, and upon universal practice; that no fines have been levied since the act of 1715, for conveyance by femes covert, and that great inconvenience would result from a contrary construction at this late period; that his con *419 struction tends to the quieting of possessions and seeuring of purchasers who, as in this case, have honestly , and fairly bought and paid for, and enjoyed, the property, and improved it for more than seventy years.
By the common law, every deed executed by a feme covert is absolutely void. No estate could pass by any such deed; no action personal or real could be supported by such deed.
By the common law a feme covert could only convey her estate in lands by fine, which is said to be a feoffment of record, or by common recovery, which, though fictitious, is a recovery of the lands on a suit instituted, and by judgment of a court having competent jurisdiction.
In this state a feme covert may convey her lands by fine, or by recovery, as in England. She cannot be debarred of her real property, according to the laws of this state, in any other manner except by executing a deed of bargain and sale, and acknowledging the same according to the act of 1715, c, 47. s. 10.
According to that act, it is only by deed of bargain and sale, executed by her, and acknowledged as the act requires, that she can be debarred from claiming her real estate; for the enacting clause (sect. 8.) of that act is confined to deeds operating as “ deeds of bargain and sale only and the 11th sect, to a such writing indented.”
As by the common law the execution and acknowledgment of such a deed by a feme covert would have been totally void to every purpose, so now her execution and acknowledgment can have no further force and efficacy, than the expressions of that act of assembly give it. It simply declares, that though signed by her, it shall not have force to debar her or her heirs from claiming the land, unless acknowledged by her in the manner pre - scribed ; and that if she executes the deed, and ack.now - *420 ledges it in a certain manner, such feme covert shall the® be barred.
It has simply said, that she shall be debarred from claiming the land, and those who claim merely as her heirs shall also be debarred; without declaring or inten :ing that she should be answerable in any manner, if the property should be recovered by th.jse whose right her conveyance could not affect.
But it is said that by a fine a feme covert may convey her lands, and bind herself to warrant the same. Granted; but that is by the common law, and is the only-mode by which, at common law, a feme covert can bind herself to warranty.
The proceedings in a fine are usually by writ of cove® *422 nant, not personal, but real, which requires performance and execution of the covenant. 1 Salk. 340.
The writ is issued praying that the defendant (the grantor) should keep the covenant which he made with respect to such lands and tenements, &c.
Whatever covenant the defendant comes in and admits he has made, that admission becomes binding, and will afterwards be enforced according to the terms of that admission. The admission is made in the concord or agreement between the defendant and plaintiff, that is, when the defendant and plaintiff appear, they agree that their covenant was in a certain manner. 11 Et est concordia talis quodpredictus A. connusit,” &c.
. This concord or agreement is suppossed to be an admission on record of what was the agreement between the plaintiff and defendant; and thus being admitted on record is, by the common law, made binding on the parties ; and by the common law this agreement is equally binding though made by a feme covert, as by any other, if, on privy examination, she acknowledges it; therefore, where a fine is suffered by a husband and his wife of her lands, with her warranty, it is supposed that he and his wife have entered into a real covenant to convey the said lands with warranty; and on the suit being brought, that is, the writ of covenant being brought, the husband and wife come into court, and, on the final concord, acknowledge, by way of compromising the suit, that . they grant, &c. the tenements to the grantee, and that they warrant, &c. the property, &c. This the common-, law authorizes; and it is only by this mode of conveyance that a feme covert can be barred to warrant the lands she sells.
But it is certain that notwithstanding that law of 1715, c. 47. the proceeding by fine may be adopted by those who choose. And it is equally certain that deeds of bargain and sale acknowledged have never been considered to have the effect of a fine ; for it has been determined that they do not work a discontinuance, (2 Bac. Abr. 96.) and that it is not necessary to enter within five years to avoid them.
But there can be no words of warranty on which a warrantia charlee will lie, and by which the real property descended can be recovered, except in such conveyances as operate by common law to pass the legal estate in the lands conveyed. Examine the authorities, it will be found that the warrantia chartee will only lie in cases of fines, which áre feoffments of record, feoffments of exchange, or other legal conveyances. But no expressions of warranty annexed to deeds which do not convey a legal estate, can support a warrantia chartee. If any advantage can be taken of such covenants, it can only be to sustain personal suits, and recover personal damages. Where the instrument executed doth not pass a legal estate in the lands, the warranty, or words expressive of warranty, cannot bind the real estate.
*424 A deed of bargain and sale, the conveyance in ques-^011’ an<^ ^ only one by which, according to the law of 1715, c. 47. a feme covert can convey her property, transfers no legal estate; it only carries over to the bargainee the use or equitable interest. All covenants in the deed must depend on the nature of the deed itself, and if the' deed only transfers a use, and not the legal estate, the covenants of every kind in the deed will be confined to the use, and not to any legal estate. It is the statute that transfers the possession to the use, and thereby gives to him who has the use by the deed a legal estate ; but the statute in no respect alters the nature of the deed, or the covenants in the deed. The deed only conveys a use ; the covenants only relate to that use ; and can only afford remedy by personal actions thereon, in order t® recover personal damages.
Warrantia chartce must be by a conveyance, whereby the land whereunto the warranty is annexed must pass ; or, atleast, if right be released, or confirmation made with warranty, he must be tenant of the land to whom it is made with warranty. Hob, 21.
A warranty is a covenant real annexed to lands or tenements, whereby a man and his heirs are bound to warrant the same, and either upon voucher or by a judgment in a writ of -warrantia chartce to yield other lands and tenements to the value. 5 Bac. Abr. 434.
When in 5 Bac. Abr. 436. it is said that a warranty may be made upon any kind of conveyance, as upon fine, &c. it is evident he means any conveyances which at common law pass an estate or legal interest, by examining Co. Lit. 385. a. to which he refers, and which only mentions common law conveyances.
The estate to which the warranty is annexed must be such an estate as will bear a warranty; it must be for life at least; otherwise it cannot operate as a warranty, but a mere personal covenant. 5 Bac. Abr. 437. A use *425 Is not such an estate as will bear a warranty j for it is only an equitable interest.
If a tenant in tail bargains and sells the land in fee, it passes only an estate determinable upon the life of the tenant in tail; for, at common law, the use could not be granted of any greater estate than the party had in him» Tenant in tail could only dispose of it for his own life j therefore, when he sells the use in fee, the cestui que use has a kind of inheritance yet determinable within the compass of a life; and the statute executes it in the same manner as he has the use, and, therefore, the statute, operating on the use only, gives him an estate determinable on the life of the bargainor, which estate ceases on the death of the bargainor.
Accordingly, if tenant for life bargains and sells in fee it is no forfeiture, for the use only passes for his life, and the statute executes only according to the use: and, therefore, only gives an estate for life. 1 Bac. Ahr. 274.
No position is more evident than' that a warranty annexed, to an estate is only binding until the termination of the estate to which it is annexed ; and, therefore, as conveyance by bargain and sale made by tenant in tail, and the operation of the statute thereon only creates a legal estate for the life of the bargainor, any warranty annexed to such estate (if a warranty could be created by a deed of bargain and sale) must cease to operate on the death of the bargainor, because the estate then ceased to which the warranty was annexed; and this to all intents as fully as if the conveyance by bargain and sale was confined to the life of the bargainor; for the legal effect and operation is the same as if so expressed and limited. See 10. Co. (Lord Seymour's Case,) p. 96. a. and b. and 98. a.
Independent of the statute, the cestui que use of lands had not at law jus in re, nor jus ad rem. 5 Bac. Abr. 403 No warranty, then, could be annexed to a conveyance which *426 passed such use only. A deed of bargain and sale of latlds only passes the use at this time; it is the statute . t|lat transfers the possession, and transfers entirely according as the use is really upon principles of equity-transferred. 1 Bac. Abr. 274.
In addition to the position that a warranty cannot be annexed to an estate created by deed of bargain and sale, or rather cannot be Created by such a deed, I would observe that where a warranty is created, it is done by the express words “ the said A. and his heirs, the said premises shall and will warrant,” without any previous words of covenant. See Co. Lit. 383. b. 384. a. and precedents of feoffments and other common law conveyances. But in deeds of bargain and sale it is always expressed in words of personal covenant, “ the grantor for himself and his heirs, &c. covenants with the grantee, his heirs, &c. that he will warrant and defend,” See. which amounts only to a personal covenant; and no action but a personal (not the real) action of covenant would lie thereon.
It is also declared that no estate can be increased or enlarged by warranty. Plowden on Usury.
As to the objection that an action brought by a coparcener cannot be supported. I answer, in the first place, it doth not appear by the declaration that the action is brought by a coparcener. Nothing upon which this objection arises, appears but in the bill of exceptions.
Upon a bill of exceptions the court can only determine whether a right opinion was given by the inferior court us to the subject matter on which their opinion was prayed. The facts stated in a bill of exceptions are only stated for the purpose of bringing before the court the particular point of law on which their opinion is prayed; and no facts need be stated but what are necessary for that purpose. In this case, the court was not called upon by the plaintiff to determine whether she had a sufficient title to recover, nor was any opinion asked, or given, on that subject. Had that been the case, the plaintiff migh* *427 have stated, and would have stated, other facts if necessary, to show she had a right to recover in the mode in which the action was brought. She might have stated that the other coparceners had conveyed their interest in the land to the defendant, or that, by an adverse possession, the other coparceners were barred of their remedy; and that, therefore, the lessor of the plaintiff and the defendant stood to each other in the relation of tenants in common j which was really the fact, but which was not necessary to be stated for the purpose of taking the opinion of the court, on the point on which their opinion was prayed.
But as to the question itself, in the case of Milliner v. Robinson, Moore, 682. it was allowed a good exception to the declaration that the plaintiff declared two coparceners demiserunt. See Moore; and Runningtords Ejectment, 101. and there is no decision in opposition.
Besides, there can be no question but that one joint tenant, or one coparcener, may make an actual lease for years to a stranger, and that such stranger, upon such lease, has an interest, and may thereon bring an ejectment against a person who should oust him ; and every declaration in ejectment supposes a lease to have been made, and the defendant admits it.
Although it be very true that at common law the mode of conveyance was by fine, feoffment, or common recovery, yet no argument can be drawn from that source, to distinguish the case from a conveyance by deed of bargain' and sale. The statute which executes the possession to the use, as fully and as effectually conveys the possession as a feoffment, or any other *428 mode of conveyance; a deed of bargain and sale, or lease and release, with -warranty, is now a discontinuance Gf the estate, as fully as a feoffment or fine. See Gilb. Uses expressly in point. So that a warranty may be annexed to such estate by which the heirs may be rebutted, if assets descend as they did in this case.
If the effect of the fine or feoffment had the operation which the Attorney-General contends, it could only operate as a covenant real. But we see by the case in Saunders, that a warranty annexed to such conveyance, *429 may operate as a personal covenant. What is the reanon ? The principal act, the conveyance, being good, all covenants or agreements annexed to it .are so; as suppose there was a covenant for further assurance annexed to a fine, can it be doubted that an action would lie on it as well as on a personal covenant for warranty ?
As to the second point, nothing can be clearer than if it appears upon the record, no matter how, that the plaintiff has no title, he ought not to recover. It is for that reason you may move any thing in arrest of judgment which appears upon the record without pleading it j by which, perhaps, an answer might be given, or an amendment made, that would remove the objection. So, here, the facts proved are stated. If the plaintiff had a better case, he ought to have stated it to make his title appear complete, and to show it so on the record. But it appears by the record he had no title to sustain such a suit, and will the court suppose cases that do not appear ?
I deny all the supposed cases of a conveyance, a lease, or that a bar of the other two coparceners by limitation makes any difference in the case; still, they ought to join, and the infancy of one would protect the interest of all against limitation.
But the plain answer to all the argument on this part qf the case is, that the statement appearing on record shows no right to support the action in 'die form in which it comes before the court for judgment.
The court of appeals affirmed the judgment pf the general court at November term, i?99.