NATHAN J. WATERS *vs.* CHARLES DUVALL—*June,* 1834.

The county court upon a sale of lands under an execution, ought not to issue a writ of *habere facias possessionem,* under the act of 1825, *ch.* 103, where after the return of the execution it does not appear from the record, that notice was given to the tenant in possession, to show cause why the writ of *habere* should not issue.

The tenant against whom a writ of *habere facias* has been issued, under the act of 1825, *ch.* 103, and who has been ejected by it, may upon its return move the court to quash it for the purpose of awarding him restitution. He is not bound to apply for relief before its return, and may then make objection to the sufficiency of the *fieri facias* or its return, and show cause why the *habere* should not have issued.

A return to a *fieri facias* by the sheriff, that he had levied upon a part of a tract of land, is void for uncertainty.

A motion to quash a writ issued by a court of law is exclusively cognizable there, subject however to revision in an appellate tribunal; and hence an application to a court of Chancery for an injunction founded upon a defect in the writ, though granted, and afterwards dissolved upon answer, will not prevent the party obtaining it from moving to quash the writ at its return.

APPEAL from *Prince Georges* county court.

On the 12th of October, 1832, the appellee sued out from the *Prince Georges* county court the writ of *habere facias possessionem,* under the act of 1825, *ch.* 103, to obtain the possession of lands purchased by him at a sheriff's sale, under a *venditioni exponas,* which had issued to make the amount of a judgment in favor of one *Samuel Peach,* against *Nathan Waters,* rendered at April term, 1824.   The *fieri*

*facias*, in virtue of which the lands were seized, issued on the 10th of March, 1825, returnable to the then ensuing April term, when the sheriff made the following return, "that he had levied the same upon the following property of the said *Nathan Waters*, to wit, one tract of land called *Pasture Enlarged*, containing 200 acres; one ditto *Osbourne's Lot*, and a part of *Pleasant Grove*, containing 52 acres; and a part of *Duvall's Pasture*, containing 150 acres; part of a tract called *Tewkesbury*, and part of *Tewkesbury* and *Walker's Delight*, containing 150 acres."

The sheriff returned "possession delivered," and thereupon the appellant, who claimed the possession of the lands, under a deed from *Nathan Waters* to him on the 17th of February, 1824, moved the court to quash the writ of *habere*, and the return thereto. 1. Because the said writ informally and irregularly issued. 2. Because it is uncertain in all its parts, and not warranted by the previous proceedings. 3. Because *Duvall* acquired no rights whatever in virtue of said pretended sale, even against the defendant, to the execution. 4. Because the said writ could not issue so as to affect the petitioner. And 5. Because the proceedings are in other respects informal and irregular.

In opposition to this motion, the appellee exhibited the transcript of a record from the court of Chancery; by which it appeared that the present appellant had filed a bill against the appellee, for an injunction which was granted to restrain the execution of the writ of *habere facias*, which injunction upon the coming in of the answer had been dissolved. The county court overruled the motion from which the appeal was taken.

The cause was argued before BUCHANAN, Ch. J., and ARCHER, and DORSEY, J.

*Alexander* and *Stonestreet*, for the appellant, contended.

1. That the appellant having been in possession before the date of the judgment, under which the appellee became

a purchaser, was not liable to be disturbed by the summary proceeding prescribed by the *Act of* 1825, *ch.* 103, that act giving this remedy only to the purchaser, where the debtor himself, or some person holding under such debtor, is in possession by title subsequent to the judgment.

2. That even as against the debtor himself, this writ ought to be adjudged irregular and void, because it does not appear that the purchaser has proceeded in manner and form as directed by the act.  *Rule of Court,* 4  *Gill and Johns.* 523.

3. That the return of the sheriff, so far as it relates to *parts* of tracts, is wholly defective, and transfers no title to the purchaser.

*A. C. Magruder,* for the appellee.

The appellant by going into Chancery for relief against this proceeding, precluded himself of the right now attempted to be asserted.  *Lansing vs. Eddy,* 1  *Johns. Ch. R.* 49.  *Munnikyson vs. Dorsett,* 2  *Harr. and Gill,* 374.

In the Chancery case instituted by the appellant, there was no plea to the jurisdiction, nor does the bill object to the *habere,* upon the ground that the necessary preliminary steps had not been adopted.  *Waters* and *Peach,* 3  *Gill and Johns.* 408.

Instead of filing a bill for an injunction, the appellant should have moved the court to quash the sheriff's return upon the return of the writ.  The money could then have been returned to the purchaser, whereas now, it is beyond the reach of the court.

That the appellant had notice of the proceedings, is shown by his bill in equity.  2. If however, the proceedings are irregular, and the court set them aside, still the appellant cannot have a restitution, as he was no party to the proceedings ; none but a party is entitled to such a writ.  3 *Coke's Rep.* 52.  1 *Binney's Rep.* 499.

DORSEY, J., delivered the opinion of the court.

The proceedings in equity which form a part of the record in this case, and were relied on for the purpose, present no obstacle to the motion of the appellant made on the return of the motion of the *habere facias possessionem* to *Prince Georges* county court. The relief prayed for in the bill of complaint is not identical with that sought under the motion. Nor if it had been, would it have formed any barrier to the free action of the county court on the application before it. A motion to quash a writ issued by a court of law is exclusively cognizable there, subject however to revision in an appellate tribunal. A court of Chancery has no jurisdiction to try such a question. 'Tis true it may grant relief against any proceeding under such a writ, for which the court whence it issued could furnish no appropriate and adequate remedy; but it cannot quash the writ on account of informality, or any insufficiency of the grounds on which it may have issued.

The appellant was no party to the suit from which the writ under consideration emanated.

At the term whereat it was returnable, and not before, was he bound to object to its validity, or the legality of the proceeding under it. He had no earlier day in court, at which he could ask the court's interposition in his behalf. Until the execution of the writ there had been no invasion of his rights to warrant his invoking the aid of the court as a court of law, *non constat*, that he was to be affected by it. The objection of the appellee therefore, that the motion to quash came too late, cannot be sustained.

The only inquiries left for our examination then are; were the reasons assigned for the motion true? are they sufficient? That the writ as is alleged, irregularly issued, is apparent from the record, which shows that after the return of the *fi. fa.* no notice was given to the tenants in possession, to show cause why an *habere facias possessionem* should not issue. That the want of such notice is fatal to

the writ was settled by this court, in the case of *Knott vs. Llewellin,* at June term, 1833.   The truth of the charge of uncertainty in the writ is equally apparent.   It commands the sheriff to give possession of "part of *Duvall's Pasture,* containing one hundred and fifty acres, part of a tract called *Tewkesbury,* and part of *Tewkesbury* and *Walker's Delight,* containing one hundred and fifty acres, and part of a tract of land called *Friendship,* containing one hundred and eighty acres," *without giving* any further description, or affording the means of obtaining it, by which the particular parts intended of said tracts of land could be identified or located.

That a return with such a description of the land seized under a *fi. fa.* is void for uncertainty, has been adjudged in this court; and the reasons of that adjudication are conclusive as to the writ in question.

The judgment of the county court is reversed, the writ of *habere facias possessionem quashed, and a writ of restitution awarded the appellant.*