(Decided 20th January, 1869.)

GEORGE W. WILSON, Administrator of REUBEN W. BUNNELL, GEO. H. BUNNELL, and others, *vs.* GEORGE H. MILLER.

*Irregularities in a Sale by a Sheriff, cognizable only in the Court from which the Execution issued — Insufficient grounds for an Injunction—An Administrator who has recovered Judgment for the unpaid purchase money of a house and lot sold by his Intestate, may purchase the same, when sold by the Sheriff under an Execution to enforce the Judgment — Primary liability of Personal property for a debt due by an Intestate.*

M purchased of B by parol agreement, a house and lot for $900, to be paid from time to time, as convenient to M, to whom, on the payment of the entire purchase money, the property was to be conveyed in fee by a clear and undisputed title. At the time of making the agreement, a part of the purchase money was paid by M, who shortly thereafter entered into possession — other part of the purchase money was subsequently paid. Sometime afterward B died, leaving children; W was appointed his administrator, and as such recovered judgment against M, for the unpaid purchase money — execution was issued thereon and the property was sold and purchased by W, for the debt, interest and costs, who applied for a writ of possession, upon the refusal of M to surrender the property. M filed a bill against the administrator and heirs-at-law of B, alleging these facts, and charging fraudulent misre-

presentations to him by B, at the time of the sale, as to his having an undisputed title to the property, when in fact he had none, and also irregularities and defects in the proceedings of the Sheriff by whom the sale to W was made. The bill prayed for an injunction to restrain the execution of the writ of possession and perpetually to enjoin the judgment recovered against M, and for a decree declaring the original sale to him void for fraud and want of consideration, and that the money paid by him be refunded, and for general relief. The injunction was issued as prayed. Answers were filed by the adult defendants denying the material allegations of the bill, and the minors answered by guardian *ad litem.* HELD:

1st. That the alleged irregularities and defects in the proceedings of the Sheriff, by whom the sale to W was made, were within the cognizance only of the Court, from which the execution issued and to which the return was made. They were not within the jurisdiction of a Court of Equity.

2d. That the fraudulent misrepresentations charged as having been made by B to M, at the time of the sale of the property to him, furnished no sufficient grounds for granting an injunction, in the condition in which the case stood at the time of filing the bill.

3d. That although W was the administrator of B, he should not be regarded as a purchaser in his representative capacity; he had an undoubted right to become the purchaser, and as such was entitled to the same protection, as would be extended to him, if he were a stranger to all the parties.

4th. That if M paid B any part of the purchase money on account of the property, to which B could not give title, the same was a charge primarily against the personal estate of B, and one for which his heirs-at-law were not responsible.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The bill in this case was filed on the 25th of April, 1865, by the appellee against the appellants, and stated that in September, 1859, the appellee purchased of Reuben W. Bunnell, since deceased, by parol agreement, a house and lot of ground in Upper Marlborough, for $900, to be paid from time to time as convenient to the appellee, and on its payment the property was to be conveyed to him in fee, by clear and undisputed title, and that at the time of the making of the agreement, he

paid Bunnell $175 on account of the purchase money, and in about two months after entered into possession of the property, (and was in possession at the time the bill was filed,) and had, at his own cost, made large improvements on the same; that on the faith of said agreement, the appellee made various payments to said Bunnell, amounting to between $400 and $500; that Bunnell died in 1860, intestate, leaving five children, of whom the appellant, George H., was an adult, and the others minors, and that letters of administration were obtained on his estate by the appellant, Wilson, in January, 1861, who in March, 1862, brought suit against the appellee for the residue of the purchase money on an account showing credits for only $350 paid on the same, and at April Term, 1863, recovered a judgment for $585.92 and costs, and on the 12th of January, 1864, execution was issued on said judgment, under which said property was sold, and purchased by said Wilson, for the debt, interest and costs so due.

The bill further averred that Wilson, after the return made to the Court by the Sheriff, of said sale, had applied to the Court for a writ of possession of the property, which the appellee had refused to deliver to him, and that said writ would be ordered by the Court, unless prevented by injunction. The purchase was made 5th February, 1864, and the writ applied for on 27th December, 1864. The bill then averred that the sale was illegal and void, because the Sheriff never levied on the property, never gave proper notice of the sale, that it in fact never was sold to Wilson, nor was the purchase money ever paid by him, that the return of the sale made by the Sheriff was informal and insufficient, that the price at which the property was sold was totally inadequate to its value, and that irreparable injury would be done to the appellee by the execution of the writ of possession.

The bill further stated, that misled by the guarantees of Bunnell, made at the time of the purchase of the property, he, the appellee, was under the belief that the title of Bunnell to the property was clear, until after the return by the Sheriff

of the sale to Wilson had been made, when for the first time
he learned that Bunnell had no title to the property; and he
averred that the title to the property as he believed was in
others—from one of whom, John H. Harrison, who claimed
an undivided half of the property, Wilson, after his alleged
purchase from the Sheriff, to wit, on 4th July, 1864, had
bought all the interest Harrison had in the property—and
that a certain John A. Wood claimed, and the appellee be-
lieved rightfully, the other undivided half of the property
which remained still unsettled; that Bunnell knew when
he made the sale, he had no title to the property, and the
sale thereof to the appellee was a fraud; that the judgment
having been recovered on a fraudulent cause of action, was
void; that if the appellee had known the facts which he
learned afterwards, he could and would successfully have
resisted its recovery, and the same was a fraud and surprise
on him.

The bill prayed for an injunction to restrain the execution
of the writ of possession, and perpetually to enjoin the judg-
ment, and for a decree declaring the original sale void, for
fraud and want of consideration, and that the money paid by
the appellee on account of the property, be refunded to him,
and for general relief.

With the bill were filed certain exhibits. On the filing
of the bill and exhibits, the Court (BERRY, J.,) granted
the injunction as prayed. The infant children of Bunnell
answered by their guardian *ad litem.* On the 9th of Sep-
tember, 1865, George H. Bunnell, the adult son of R. W.
Bunnell, filed his answer, in which he admitted the sale by
his father to the appellee of the property in question, for the
sum of $900, in 1859, the death of his father in 1860, leaving
the heirs-at-law as stated, and the appointment of Wilson as
his administrator, but stated that he did not know upon what
other terms the property was sold, or what guarantees were
given to the appellee, but affirmed his belief that his father
had a good title to the property, which was delivered to the

appellee, and had always been held by him, but denied that he had .put large improvements on it, or any improvement exceeding in cost $25, and denied that any fraud or surprise had been practised on the appellee by the respondent's father, or any other person. He further stated that all payments made by the appellee on the purchase, had been credited to him, amounting only to $350, and that judgment was recovered by Wilson for the residue, on which execution was issued, the property levied on and duly sold, and purchased by Wilson, who had made application for a writ of possession ; and charged that the allegations by the appellee against the sale for want of due notice, &c., &c., were all false, and averred that the price paid for the property was its fair value ; and further that the statements made by the appellee, that he did not know, until after the sale and return made thereof by the Sheriff, that any claim had been set up to the property by other persons, were utterly false and untrue, for that prior to the sale the appellee was apprised of the claim of Harrison to the property, and Wilson had agreed to purchase that claim of Harrison, though the deed from Harrison to Wilson was not executed until afterwards; and that the respondent was not aware of the claim of any other person to said property, but averred that even if there were other claims, the appellee could not be damaged by them, for all of his interest in the property had been sold by the Sheriff, and the Court could grant no relief in the case, and the appellee, if injured, had complete relief at law. That neither he or his infant brothers and sisters had any interest in this controversy, as the appellee could have no relief against them, and prayed that the injunction be dissolved, and the bill dismissed.

The appellant, Wilson, also filed his answer, under oath, in the double capacity as administrator of Bunnell, and in his own right. This answer admitted that Bunnell, in his lifetime, sold by parol the property in 1859, to the appellee, for $950; and put him in possession of it, but the respondent knew nothing of the representations or guarantees made by

Bunnell, but believed that Bunnell had a perfect title to the property so sold. He denied that the appellee had put valuable improvements on the property, and affirmed that the only improvement was a small stable, then of no value; that the only payments made on account of the purchase amounted to $350, for which the appellee had credit in the judgment as entered; that Bunnell died intestate in 1860, leaving the children as charged in the bill, and that the respondent was appointed his administrator, and as such brought suit against the appellee for the residue of the purchase money, and recovered judgment, on which he caused execution to be issued, which was levied on the property, and the same was sold by the Sheriff on the 5th of February, 1864, at public sale, and purchased by the respondent, as the highest bidder, for the amount of the debt, interest and costs; but he denied as false the allegations in the bill, that there was no lawful levy on the property, and that the Sheriff gave no notice of the sale, or no such notice as the law required, and that such notice was not placed at the Courthouse door, as required, and that it did not appear from the Sheriff's return and other proceedings, on what day the sale was made, or at what place, and that there was no sufficient statement of the amount for which said property was sold, and that this respondent never paid the purchase money to the Sheriff, but he insisted that all these facts affirmatively appear from the Sheriff's return and the papers filed with the same, that they were conclusive evidence of the facts contained therein, and could not be inquired into or impeached in this proceeding; that the respondent's title to the property under the sale was valid, that the price he paid for the property was fair and reasonable, and that to obtain possession of the property he had applied for a writ of possession; he further averred that the allegations of the appellee that he was ignorant of the title set up to the property, by Harrison and Wood, until after the Sheriff's sale of the same, were false and untrue; he admitted that he did purchase from Harrison and took a conveyance from him, of

whatever title he had to the property, not because he was convinced of the vilidity of Harrison's title, but to avoid litigation, and denied that there was any validity in the claim set up by Wood, but he insisted that these outstanding claims to the property were of no interest or concern to the appellee, nor could he rely on them in this proceeding, as his title to the property, whatever it was, had been sold by the Sheriff, and was then vested in the respondent; that he had since his purchase, in addition to the amount he bid for the property, been compelled to pay all the taxes on it from 1860 down to his purchase.

The answer also denied that there was any surprise, fraudulent misrepresentations, concealments or mistake, whereby the appellee was prevented until after the Sheriff's sale, from availing himself of any defences he could at any time have relied on against the rendition of the judgment, and denied that the appellee had made out any case for the interposition of the Court, either by injunction or otherwise, and prayed the same might be dissolved and the bill dismissed.

The case was heard on motion to dissolve the injunction. On the 13th of April, 1866, the Court passed an order overruling the motion to dissolve and continuing the injunction until the final hearing; and referring the cause to the auditor to state an account between the appellee and the estate of Reuben W. Bunnell. From this order the present appeal was taken.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER and ALVEY, J.

*Frank H. Stockett* and *C. C. Magruder,* for the appellants:

The order appealed from should be reversed, because the answers deny and swear away all the equity, as well as every material allegation in the bill, and these answers are not contradicted by the proof taken under the commission as to any material allegation on any point of which a Court of Equity could take cognizance. *Alex. Ch. Practice,* 86; *Hutchins vs.*

*Hope*, 12 *G. & J.*, 244; *Washington University vs. Green*, 1 *Md. Ch. Dec.*, 97; *Little vs. Price*, 1 *Md. Ch. Dec.*, 182; *Wood vs. Patterson*, 4 *Md. Ch. Dec.*, 335; *Harris vs. Sangston*, 4 *Md. Ch. Dec.*, 394; *Cronise vs. Clark*, 4 *Md. Ch. Dec.*, 403.

Informalities or defects in the proceedings of the Sheriff in making the sale, or the return thereof to the Court, as charged in the bill, even if sustained by proof, are matters over which a Court of Equity has no jurisdiction. The Court from whence the writ issued, and to which the return was made, could *alone* take cognizance of such questions. *Waters vs. Duvall*, 6 *G. & J.*, 76; *Little vs. Price*, 1 *Md. Ch. Dec.*, 182; *Nelson vs. Turner*, 2 *Md. Ch. Dec.*, 73; *Elliott & Wife's Lessee vs. Knott*, 14 *Md.*, 121; *Norris & Caldwell vs. Campbell*, 27 *Md.*, 688.

No appearance for the appellee.

BRENT, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court, overruling a motion to dissolve an injunction and continuing it until final hearing.

We have examined the bill of complaint and the exhibits, and think that the injunction should have been refused in the first instance, and the bill dismissed.

The alleged irregularities and defects in the proceedings of the Sheriff, by whom the sale to Wilson was made, are questions within the cognizance only of the Court, from which the execution issued and to which the return was made. It was entirely competent for that Court to afford a proper and adequate remedy by setting aside the sale, upon motion made at a proper time and supported by evidence of an absence of proper notice, or other formality required in sales of that description. Courts of Equity have no jurisdiction to try such questions, and they cannot be made the subject matter of an injunction. *Waters vs. Duvall*, 6 *G. & J.*, 76; *Little vs. Price*, 1 *Md. Ch. Dec.*, 182; *Nelson vs. Turner*, 2 *Md. Ch. Dec.*, 73; *Norris & Caldwell vs. Campbell*, 27 *Md.*, 688.

The fraudulent misrepresentations, charged as having been made by Bunnell to Miller, at the time of the sale in 1859, of the lot in question, as regards his having a clear and undisputed title, when in fact he had none, are no sufficient ground for granting an injunction, in the condition in which the case stood at the time of filing the bill. Wilson had purchased the property under an execution issued upon a judgment rendered for an alleged balance of the purchase money due, had paid the money and the judgment had been satisfied. If, as Miller alleges, he had never obtained any title to it and Bunnell could give him none, he is certainly not injured and has lost nothing by the sale. If the property were sold to him by a party who had no title, and the same property under the operation of a judgment is sold for the identical purchase money, and realises an amount sufficient to pay off the judgment, he in fact pays no part of the debt. According then to the theory of the complainant, that Bunnell had no title to the property and could give him none, it is difficult to perceive how he was injured by the sale to Wilson, in so far at least as to require the interference of a Court of Equity.

Although, Wilson happened to be the administrator of Bunnell, he is not to be regarded as a purchaser in his representative capacity. He had an undoubted right to become the purchaser, and as such, so far as this record discloses, is entitled to as much protection under the law as if he were a stranger to all the parties. The Courts go very far in favoring and maintaining the titles of purchasers under judicial sales, and there is no part of the law upon which the adjudications have been more uniform and conclusive. 1 *Gill,* 345; 3 *Md.,* 463; 14 *Md.,* 121. Thus it is held that purchasers under subsisting judgments and decrees acquire a good title; although, such judgments and decrees may afterwards be reversed. 8 *Coke,* 746; 11 *G. & J.,* 242; 14 *Md.,* 166, and the authorities there cited. And fraud on the part of others will not affect or taint the

title of an innocent purchaser at a judicial sale. 3 *Md.*, 422. In view of this doctrine the title acquired by Wilson, the appellant, under the sale disclosed by the bill and exhibits, must be held to be good as against the appellee. By virtue of it, he is entitled to possession, and the injunction should not have been granted in this case to stay the writ of possession, which had been asked for, by his petition to the Circuit Court.

If Miller, as stated in his bill of complaint, has paid a considerable sum of money to Bunnell in his life time, on account of this fraudulent sale to him of property to which Bunnell could not give a title, he cannot recover it under this bill. The debt, assuming it to be due, is a charge against Bunnell's estate, and is one for which his personalty is primarily liable. The heirs of Bunnell, who are made parties to this bill, are not responsible for his debts, and as this is not a creditor's bill alleging the insolvency of the personal estate, and seeking to charge the realty with the payment of his debts, relief cannot be obtained against them.

The order of the Court below will be reversed and the bill dismissed with costs.

*Order reversed and bill dismissed.*

(Decided 20th January, 1869.)