# GENERAL COURT, (E. S.) SEPT. TERM, 1803.

WILLIAMSON use of WALLIS *vs.* PERKINS.

MOTION, and rule on the plaintiff to show cause why the writ of *venditioni exponas,* issued in this case, should not be set aside.

It appeared that a *fieri facias* issued, returnable to September term 1800, and was returned by the sheriff *"laid as per schedule, and on hand for want of buyers."* The schedule referred to is as follows: "A schedule of the property of *Ebenezer Perkins,* taken with a *fi. fa.* at the suit of *David Williamson,* and appraised by us, the subscribers, we being first qualified, this 30th day of August 1800.

"To dwelling house, griss-mill, saw-mill and fulling-mill, and all other buildings belonging thereunto, with one hundred acres of land joining the said property." The schedule was not signed by any persons as appraisers, or by the sheriff. A writ of *venditioni ex-*

Land taken under a *fieri facias* must be specifically described, otherwise the seizure is void

Where the sheriff's return to a writ of *venditioni exponas* was 'countermanded by the plaintiff,' & there was an endorsement on the writ by way of assignment from the plaintiff to a third person—*Held* that the same amounted in express terms to an acknowledgment of satisfaction by the plaintiff from the defendant thro' such third person; and a new writ of *venditioni exponas* afterwards issued, and endorsed for the use of such third person, and the return thereto were *quashed*

*ponas* then issued, returnable to September term 1801, and was returned by the sheriff, *"countermanded by plaintiff."* On the back of the last mentioned writ was the following assignment: "Chester Town, 1st Sept. 1801. For and in consideration of the sum of twelve hundred and seventy-three dollars, and ninety-three cents, being the balance due me upon the within *venditioni exponas*, and paid me by Mr. *Samuel Wallis*, I hereby transfer and make over all my right, claim and interest, to the within judgment, to the said *Samuel Wallis*, and his assigns. Witness my hand.

*D. Williamson.*

Test *Ebenezer Perkins."*

The last mentioned writ was renewed to this term, (September 1803,) and endorsed for the use of *Samuel Wallis*, and the sheriff returned the same endorsed, "I do hereby certify, that on the 8th day of August 1803, I did sell at public sale all the within mentioned property, agreeably to the within writ, to *Samuel Wallis* of Chester Town, for the sum of $500, he being the highest bidder.

So answers *B. Hatchison*, late sheriff of Kent county."

The defendant's attornies filed the following reasons for setting aside the *venditioni exponas.*

1st. Because the return upon the *fi. fa.* is erroneous, inasmuch as there appears a schedule, importing to be a schedule of property taken upon appraisement, whereas there is no appraisement.

2d. Because the same schedule is not signed by the sheriff, but by a sub-sheriff.

3d. Because upon a *venditioni exponas* which issued upon the *fi. fa.* the same was countermanded by the plaintiff.

4th. Because the first *venditioni exponas* was issued returnable to September 1801, whereas the same ought to have been returnable to April 1801.

5th. Because the second *venditioni exponas* was issued to this present term.

*Spencer* and *James Scott*, for the defendant, urged that the *fieri facias* was defective in its return, because there had been no appraisement of the property seised under it. That the sheriff, after he has laid a *fi. fa.* and the sale is countermanded by the plaintiff, cannot afterwards retain possession of the goods. That it was like the discharge by a plaintiff of a defendant, taken on a *ca. sa.* and the same reasoning applied to prevent a second *venditioni exponas* from being issued, where the first has been countermanded by the plaintiff, and the defendant was discharged by the seizure of his goods *ad valorem debite,* and the sheriff was discharged by the countermand of the *venditioni exponas,* and no sale could be afterwards made under it.

*Hammond* against the motion, contended, that the countermand released nothing but the immediate sale, and was not like a discharge of a defendant taken on a *ca. sa.* That no appraisement of the property was necessary on a *fi. fa.* The idea is derived from executions in England by extent and elegit, and the lumber act in this state. He was prepared to prove there was no fraud in laying the *fi. fa.* or selling under the *venditioni exponas.* The property was very much incumbered, and to set aside this *venditioni exponas* would be to take away that very property, the seizure of which, counsel have contended, discharged the defendant from the debt, and assimilated it to a judgment discharged by a sheriff's return of made on a *fi. fa.*

*Spencer* and *Scott,* in reply, admitted that an appraisement of the property was not necessary, but they contended that the return on the *fi. fa.* was erroneous, because the land taken was not described by metes and bounds, or identified in any other way. That if an ejectment was brought for the land thus described, no location thereof could be made, nor could possession be delivered. The part seised and sold is wholly uncertain.

SEPT 1803

Williamson
vs
Perkins

THE COURT. The return on the *fieri facias* is defective for want of a specification of the property; and the endorsement, by way of assignment, of the judgment from *Williamson* to *Wallis*, is an acknowledgment of satisfaction by the plaintiff from the defendant, through *Wallis*, in express terms, and appears as part of the return itself; and this idea is confirmed by the sheriff's return on the *venditioni exponis*, "countermanded by plaintiff."

VENDITIONI EXPONAS AND RETURN QUASHED.