ESTEP AND HALL's LESSEE *vs.* WM. WEEMS, *et al.*—
*December,* 1834.

In an action of ejectment, brought by a purchaser, to recover the possession of land purchased by him at a sheriff sale, it is not necessary for the plaintiff to prove a seizure of the land by the sheriff, for the purpose of supporting his title.

It is the *sale* of the sheriff which vests the title in the purchaser, which *sale* must be proved either by a deed, the sheriff's return to the *fieri facias,* or *vendi,* or memorandum in writing, in order to comply with the statute of frauds.

When the plaintiff in ejectment claimed title under a sheriff's sale, and in proof of his title showed a judgment, *fieri facias, vendi* describing the land sold with sufficient certainty, and deed from the sheriff who made the sale, no error or defect in the schedule made at the time of the levy under the *fieri facias* can be relied upon to defeat the sale.

APPEAL from *Calvert* county court.

*Ejectment* to recover two tracts of land in *Calvert* county, called, "*Chew's Purchase,*" and "*Grantham,*" instituted by the appellants on the 7th of September, 1832.

The appellees took defence on title, and pleaded not guilty.

Upon the evidence, which is fully stated by the learned judge who delivered the opinion of the court, the county court (DORSEY, Ch. J. and KILGOUR and WILKINSON, A. J's.) decided that the plaintiffs were not entitled to recover; and the verdict and judgment being against them, they appealed to this court.

The cause was argued before BUCHANAN, Ch. J., and STEPHEN, and CHAMBERS, J's.

*Brewer* and *Pinckney,* for the appellants, contended,

1. That the recital in the *venditioni exponas,* of the schedule returned with the fieri facias, is sufficient evidence of the seizure under the latter writ. 1 *Johns. Cases,* 155. 1 *Shep. Touch.* 88. 4 *Cruise Dig.* 418.

2. That if the recitals in the *venditioni exponas,* are not of themselves sufficient, they are when taken in connexion with the evidence detailed in the second exception.

3. That the deed from the sheriff, independent of all other proof, is sufficient evidence of the seizure and sale, and passed the title to the purchaser. 4 *Harr. and McHen.* 72. 1 *Harr. and Johns.* 410.   5 *Ib* 69. 1 *Gill and Johns.* 443. 1 *Johns. Cases,* 155.   6 *Harr. and Johns.* 204.   10 *Johns. Rep.* 223.   15 *Ib.* 309.

4. But if no one act of the sheriff can be relied on as adequate evidence of the sale, the purchaser is entitled to the benefit of all his acts and returns taken collectively, and if from the whole so taken, the sale is sufficiently established, the plaintiffs were entitled to judgment.   1 *Gill and Johns.* 443.

*Boyle,* for the appellees.

There does not appear to have been any connexion between the *fieri facias* and *venditioni exponas,* and the schedule recited in the *venditioni exponas* appears to have been returned by a former sheriff, and for that reason did not afford a sufficient foundation for it, as the sheriff who seized the property levied on, should have sold it.   *Salk. Rep.* 323.   *Act* 1779, *ch.* 25, *sec.* 11, *&c.*   *Purl's Lesse vs. Duvall,* 5 *Harr. and Johns.* 69.

STEPHEN, J., delivered the opinion of the court.

This action of ejectment was instituted in the court below, to recover several tracts or parcels of land, purchased at a sheriff's sale.   To prove title in the purchaser, the plaintiff offered in evidence, in the first bill of exceptions, a *venditioni exponas,* after having first offered in evidence the judgment, and *fieri facias,* upon the return of which the said *venditioni exponas* was issued.   The *fieri facias* was returned, "laid as per schedule."   The defendants objected to the offering of the said writ of *venditioni exponas* in evidence, unless the schedule referred to in the return to the said *fieri facias* was also offered, or some other evidence of the seizure of the premises in question; and the court thereupon instructed the jury that to enable the plain-

tiff to recover in that suit, in virtue of any title by them derived, under a sale made under the said *fi fa,* and *venditioni exponas,* some other evidence of the seizure of the said land under the said *fieri facias,* than is offered by the mere production as aforesaid of the said *fieri facias,* and *venditioni exponas,* must be offered. To this opinion of the court the plaintiff excepted. The plaintiffs then to maintain the issue on their part, further offered in evidence, in addition to the evidence contained in the first bill of exceptions, the schedule returned by the sheriff, with the said writ of *fieri facias,* which appeared to be a schedule and appraisement of the same land sold by the sheriff, but which schedule and appraisement appeared to have been made by the former sheriff of the county, upon taking the said land to satisfy officer's fees, due by the defendant in the said judgment; and the plaintiff proved by the clerk of the court, that the schedule was found in the *fieri facias,* and that no other was returned with it, and that it was the schedule upon which the said writ of *venditioni exponas* issued. Upon this evidence, the defendants prayed the opinion of the court and their direction to the jury, that the said return and schedule were not sufficient evidence of a seizure by the sheriff of the property mentioned in the said schedule, under the said *fieri facias.* The court were of that opinion, and instructed the jury accordingly. To this opinion and direction the plaintiff also excepted. The plaintiff, in addition to the evidence contained in the preceding bills of exceptions, offered in evidence to the jury, a deed from the sheriff, reciting the *fieri facias, venditioni exponas,* seizure and sale of the land to the purchaser, for the purpose of proving the seizure and sale of. the property therein mentioned, by virtue of the said writ of *fieri facias,* and *venditioni exponas.* Whereupon the defendants by their counsel objected to the recitals in the said deed, and prayed the opinion of the court, and their direction to the jury, that the said deed, and other testimony given in the cause, are not sufficient evidence of the laying of the *fieri facias* upon the premi-

ses in question, to entitle the plaintiffs to recover in this action; which instruction the court gave accordingly.

The questions arising in the case are of considerable importance, as they involve the security and stability of titles of real estate acquired by purchasers at sheriffs' sales. Upon the best consideration we have been able to give to the subject, after an examination of the adjudications of the courts of this State and elsewere, we have come to the conclusion that the opinion of the court below cannot be sustained upon either exception.

We do not think that it is essentially necessary in an action of ejectment, brought by a purchaser to recover the possession of land purchased by him at a sheriff's sale, to prove a *seizure* of the land by the sheriff for the purpose of validating or supporting his title. The establishment of such a principle, would go far indeed to deter persons from becoming purchasers at such sales, and would operate much to the injury and obstruction of the administration of justice, in preventing creditors from obtaining the fruits of their judgments. It has been more than once solemnly decided by this court, that it is *the sale* of the sheriff which vests the title in the purchaser, which sale must be proved either by a deed, the sheriff's return, or by some note or memorandum in writing, in order to comply with the requisitions of the statute of frauds and perjuries. No case which we have been able to find seems to give the least countenance to the idea, that he has any thing to do with the legality or regularity of the previous seizure after his title acquired by the sale has been consummated by a deed from the sheriff. Indeed this court have said in 5 *Harr. and Johns.* 226, that the legal estate is transferred by the sale of the sheriff to the vendee by operation of law, and that a deed from the sheriff to the vendee, although frequently taken out of abundant caution as an additional evidence of title, is not necessary to vest the legal estate in him. The same principle is recoginzed by this court in 6 *Harr. and Johns.* 204, where they say, "It is true that the return does not set out the name of the purcha-

ser, and that no description is given of the property sold, for which reason it might perhaps have been set aside on motion. But it is not the return of the officer that gives title to the purchaser, but the previous sale; and it would be of dangerous consequences *to bona fide* purchasers, if, after having paid their money for property sold under competent and legal authority, they should be at the mercy of officers who might make imperfect returns of executions, or if they pleased make no returns at all. But a sheriff's sale of lands being within the statute of frauds, some memorandum in writing is necessary to be made. It is therefore always right and proper for the security and protection of purchasers, that in addition to a deed for the land sold, there should be a special return of the execution, particularly describing the premises and setting out the name of the purchaser, either of which though not operating to pass the title, would be safe and competent evidence of the sale. In this case the sale by the sheriff was of the specific property condemned according to the act of assembly, for which he passed his deed to the lessor of the plaintiff, containing a sufficient description of the premises sold.

According to the principle sanctioned by this decision, the deed in this case offered in evidence, fully performed its office, for it contains a minute and particular description of the property sold under the execution, and was therefore legal and competent evidence of the sale, and passed the title. In 1 *Harr. and Gill* the same doctrine is held. The court there say, "In an ejectment by a purchaser under a sheriff's sale against the debtor, who refuses to give up the possession of the land, it is incumbent on the plaintiff to produce the judgment, the *fieri facias*, and to prove the sale of the land, which may be done either by a deed from the sheriff, or a return to the *fieri facias;* and if these proceedings are correct they are sufficient to entitle him to recover. In the absence of a deed from the sheriff, and his return to the execution, a memorandum in writing of the sale must be produced to take the case out of the statute of frauds." In 1 *Gill and Johns.* 443, this court also decided, that an imperfect descrip-

Estep and Hall's Lessee *vs.* Weems, *et al.*—1834.

tion of the property contained in the schedule may be corrected and cured by the sheriff's return of the sale made by him, and that a purchaser at such sale has a right to resort to the whole judicial procedings to prove and ascertain his title. *The venditioni exponas* in this case having described the land with sufficient certainty and precision, and the sheriff having executed a deed to the purchaser, who was the highest bidder, conveying the land sold to him, it seems to follow from the principles contained in this decision, that the land sold was sufficiently ascertained and identified, notwithstanding any defect or informality which might appear upon the face of the schedule, and that the sale so made was sufficient to pass the title to the purchaser, of which sale the deed offered in evidence was competent and admissible proof, and ought not to have been rejected by the court.    The principles established by the decisions of our own court upon this subject, are in perfect accordance with those contained in the decision of the court of one of our sister states.    1 *Johns. Cases*, 155. *Colman and Cain's Cases*, 350. From the principles established by the preceding authorities we think the proof of legal seizure is not an essential ingredient in the title of the purchaser at a sheriff's sale, to enable him to recover the land purchased, in ejectment; and that the several opinions given by the court below were incorrect in rejecting the evidence of title offered by the plaintiffs, upon the hypothesis that proof of seizure was necessary to render the evidence admissible, and to entitle the plaintiff to recover.

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**