JOHN T. B. DORSEY'S LESSEE *vs.* JOHN W. DORSEY.

*Sales of Real estate, under Execution issued by a Justice of the Peace—An actual Seizure is essential to the Sale of property taken under Execution; and it must be so Described that it can be Located—Defects which render a Constable's sale Void—Special Jurisdiction.*

The power to seize and sell lands under an execution issued by a justice of the peace, is conferred by the 3d section of Article 83, of the 'Code of Public General Laws. Such a sale vests no title in the purchaser, until the proceedings shall have been returned to the Circuit Court, and the sale finally ratified and confirmed, as provided by the 10th section of the same Article of the Code.

In every case where an officer sells under an execution, it is necessary that he should first effect an actual seizure, for the power to sell is limited to the property taken by the levy of the writ; and the land seized and sold by the officer must be so described, that it may be ascertained and located, otherwise the seizure and sale are void.

Two writs of *fieri facias* were issued upon judgments of condemnation in attachment; the property attached was described in each case as "one law office and lot of ground," without further designation, except that it was called goods and chattels. It was described in the same way in the judgments of condemnation—one of the writs recited the property condemned, and which the constable was directed to sell, as "one law office and the lot of ground upon which it stands," the other as "one law office and the lot." The returns to the writs stated that they were levied on "one lot and buildings thereon," and that the same was sold. A third writ of *fieri facias* was issued upon a judgment regularly rendered on a warrant in debt; but the schedule stated the property levied on to be, "one office and lot, and stable," and the return of the officer, set forth that he sold "the lot and buildings mentioned in the schedule." HELD:

1st. That such levies and the sale made thereunder are void for uncertainty.

2d. That the defective description is not cured by the officer's return to the writ of attachment, setting forth that he had laid it in the hands of

Dorsey's Lessee *vs.* Dorsey.

John Dorsey, it nowhere appearing that the lot was in the possession of John Dorsey, and no description or designation being given of the ground seized, nor any means furnished whereby it can be identified.

3d. That the seizure and sale of the property by the constable, as shown on the face of the proceedings, being void for want of a sufficient description or designation of the property, the defect is not cured by the order of ratification of the Circuit Court, containing a precise description of the property, so as to make the sale effectual to pass title to the purchaser.

4th. That the deed from the constable to the purchaser, does not cure the defects in his proceedings under the writs.

Where the Circuit Court in acting upon a subject, does so in the exercise of a special jurisdiction, conferred by statute, the proceedings must show on their face, a substantial compliance with the provisions of the law.

APPEAL from the Circuit Court for Howard County.

This was an action of *Ejectment,* brought by the appellant to recover a lot of ground situated in Ellicott's Mills, Howard county. His title to the property was admitted, except in so far as it might be shown that the same had been acquired by the appellee.

*1st Exception:* At the trial the defendant, to show title in himself, offered in evidence the proceedings in certain attachment cases, comprising the judgments therein rendered by justices of the peace, the writs of *fieri facias* issued thereon, the levy and sale by the constable, the order of ratification passed by the Circuit Court, and the deed from the constable to the said defendant. The plaintiff objected to the admissibility of these proceedings, but the Court overruled the objection and allowed them to be given in evidence to the jury; to this ruling the plaintiff excepted.

*2d Exception:* The plaintiff to rebut the testimony offered on the part of the defendant, proved by the clerk of the Court, that he had examined the minutes of the Court for the March Term, 1863, as also the dockets, and there was no entry showing any motion in reference to the papers offered in evidence

Dorsey's Lessee *vs.* Dorsey.

by the defendant, or order thereon. The plaintiff thereupon prayed the Court to instruct the jury as follows:

Firstly. That the papers offered in evidence by the defendant are insufficient to show title in him, because it does not appear, that the property therein mentioned, as levied upon by the constable, is the same property mentioned in the declaration.

Secondly. That the papers offered in evidence by the defendant, are insufficient to show title in him, because it does not appear, that any motion was made to the Court for a ratification of said sale, or any notice ordered by the Court touching the same.

Thirdly. That the papers offered in evidence by the defendant, are insufficient to show title in him.

The Court refused to grant these instructions; and to this refusal the plaintiff excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*Levin Gale* and *Thomas G. Pratt*, for the appellant, contended:

1st. That the proceedings offered in evidence are of a special and limited character, and *must shew on their face* a full compliance with the requirements of the statute. *Shivers vs. Wilson,* 5 *H. & J.,* 130; *Williamson vs. Carnan,* 1 *G. & J.,* 184, 196; *Owings vs. Worthington,* 10 *G. & J.,* 283; *Savage Manufac. Co. vs. Owings,* 3 *Gill,* 497; *Koechlept vs. Hook's Lessee,* 10 *Md. Rep.,* 173; *Combs vs. Jordan,* 3 *Bland,* 284; *Code of Pub. Gen'l Laws, Art.* 83, secs. 3, 4, 9, 10.

2d. That they are defective in not describing the property; in the fact that the order was not made on motion; and particularly because no notice was ordered or given. *Williamson vs. Perkins,* 1 *H. & J.,* 449; *Waters vs. Duvall,* 6 *G. & J.,* 76; *McCabe, et al. vs. Ward,* 18 *Md. Rep.,* 505; *Clark &*

*Jackson vs. Bryan & Lunt*, 16 *Md. Rep.*, 171; *Shriver's Lessee vs. Lynn*, 2 *Howard*, 43; *Penobscot R. R. Co. vs. Weeks*, 52 *Maine*, 457, 463.

3d. That the description in the constable's deed did not relieve the objection to the want of a description of the property, but even if it did, it cannot relieve the proceedings from the other objections. *See same authorities referred to on the first and second points.*

4th That as the plaintiff's title is admitted, should this Court hold the proceedings offered by the defendant to be insufficient, it should render judgment at once for the plaintiff, and not send it back to be tried over again.

*James Mackubin*, for the appellee:

The appellee claims title under a constable's deed executed on a sale finally ratified and confirmed by the Circuit Court for Howard county, made under executions on three judgments against the appellant. Two of these judgments were of condemnation on attachments against him as a non-resident, and the property condemned is described in the officer's schedule as " one office and lot," " *attached in the hands of John Dorsey.*" However insufficient, therefore, the general description " one office and lot," the further designation as being " in the hands of John Dorsey," sufficiently identifies " to afford means of location," which is all that is required. And, if this were not sufficient, the defect was fully cured by the description in the order of ratification, as well as in the constable's deed. *Wright, et al. vs. Orrell*, 19 *Md. Rep.*, 151; But it is objected that the Circuit Court's ratification is a nullity; because it was in the exercise of a special authority, and its proceedings do not show on their face a full compliance with the requirements of the statute, in that no motion for, or notice of ratification appear to have been made or given. A substantial compliance is all that is required. *Boarman vs. Israel and Patterson, Ex'rs*, 1 *Gill*, 380.

The requirement in this case is, that such sales " shall by the Court have been, *on motion and notice as the said Court*

*as to mode and parties shall direct*, finally ratified and confirmed." That a motion *substantially* was made, is a necessary inference from the order of ratification itself; for it will hardly be supposed that the Court would *volunteer* action; the mere absence of any minute of such motion does not show that none was made. Cases of this kind are not docketed, nor are the motions made ever entered upon the minutes of the Court. As to notice, two of the judgments under which the sale was made, were against the appellant as a *non-resident*, and the docket entries in three other cases before the same Court, (introduced into this case by the appellant for another purpose,) evidence the Court's judgment, that he was at that very time indeed a *non-resident of the State. Substantially then, the application in open Court*, was as good notice as any other that could be given. Any other *could only* have involved more delay, and a further diminution, through costs of publication, of a fund already insufficient to pay the claims against it.

The Code commits to the *discretion* or direction of the Court the "*motion and notice*," "*as to mode and parties*," and that discretion must be presumed to have been *exercised, and properly*. And in the 13th section it declares the Court's ratification "*conclusive evidence of the sufficiency and regularity of the notice*," as well as of the "manner of making said sale." *Code, Art.* 83, *secs.* 12 *and* 13.

Courts of justice guard and maintain with zealous vigilance the titles of purchasers under judicial sales. *Elliott and Wife's Lessee vs. Knott*, 14 *Md. Rep.*, 134; *Warren vs. Twilley*, 10 *Md. Rep.*, 52; *Tomlinson's Lessee vs. Devore*, 1 *Gill*, 345.

And though the Circuit Court's order of ratification be a nullity for want of sufficient motion and notice, this Court would not give judgment for the appellant, inasmuch as the appellee having purchased and complied with the terms of sale, would still have a possessory right, with an inchoate title to the property in suit.

---

Dorsey's Lessee *vs.* Dorsey.

---

BARTOL, C. J., delivered the opinion of this Court.

The only question presented by this appeal, is the validity of the proceedings under which the appellee claims title. These are three judgments rendered by justices of the peace, the writs of *fieri facias* issued thereon, the levy and sale by the constable, the order of ratification passed by the Circuit Court, and the deed from the constable to the appellee. The power to seize and sell lands under an execution issued by a justice of the peace, is conferred by the Code of Public General Laws, Art. 83, sec. 3. Such a sale passes no title to the purchaser, until the proceedings shall have been returned to the Circuit Court, and the sale finally ratified and confirmed as provided by Art. 83, sec. 10, of the Code. When land is seized and sold by a sheriff under an execution issued by a Court of record, "it is the sale of the sheriff which vests the title in the purchaser." *Estep and Hall's Lessee vs. Weems, et al.*, 6 *G. & J.*, 306. Not so where the sale is made under an execution issued by a justice of the peace, which vests no title in the purchaser until it has been finally ratified and confirmed. In every case where an officer sells under an execution, it is necessary that he should first effect an actual seizure, for the power to sell is limited to the property taken by the levy of the writ. *Wright, et al. vs. Orrell*, 19 *Md. Rep.*, 155. The land seized and sold by the officer must be so described, that it may be ascertained and located, otherwise the seizure and sale are void. *Williamson, use of Wallis, vs. Perkins*, 1 *H. & J.*, 449; *Waters vs. Duval*, 6 *G. & J.*, 76. By an inspection of the proceedings offered in evidence in this case, it appears that two of the writs of *fieri facias*, under which the sale was made by the constable, were issued upon judgments of condemnation in attachment. The description of the property attached in each case is "one law office and lot of ground," without further designation, except that it is called goods and chattels. In the judgments of condemnation it is described in the same way. The writs of *fieri facias* recite the property condemned and which the constable is

directed to sell as "one law office and the lot of ground on which it stands." The returns to the writs state that they were levied on "one lot and buildings thereon," and that the same was sold. The third writ of *fieri facias* was issued upon a judgment regularly rendered on a warrant in debt. But the schedule states the property levied on, to be "one office and lot, and stable," and the return of the officer sets forth that he sold "the lot and buildings mentioned in the schedule." Under the authorities before cited, it is manifest that such levies and sale are simply void for uncertainty. It has been suggested by the appellee that this defective description is cured by the officer's return to the writ of attachment, setting forth that he had laid it in the hands of John Dorsey. But it nowhere appears that the lot was in the possession of John Dorsey, nor is there any description or designation whatever given of the lot of ground seized, or any means furnished whereby it can be identified.

The appellee next relies upon the Court's order of ratification. This order contains a precise description of a lot of ground, which it recites had been seized and sold by the constable, but it nowhere appears from the proceedings of the officer upon which the Court acted, that the property described in the Court's order ever had been seized and sold by him. It is material to consider that the Circuit Court in acting upon this subject, exercised a special jurisdiction conferred by statute; and in such case the proceedings must show on their face a substantial compliance with the provisions of the law. Here, as we have seen, the proceedings show that the pretended seizure and sale by the constable was void for uncertainty in the description of the property. In such case the order of ratification cannot give it validity. The 13th sec. of Art. 83 of the Code, makes the ratification by the Court conclusive evidence "only of the notice of sale required to be given, and the manner of making the sale." *Koechlept vs. Hook's Lessee*, 10 *Md. Rep.*, 179. In that case it was held that after an order of ratification, the validity of

Dorsey's Lessee *vs.* Dorsey.

the sale might be impeached collaterally, by showing that the judgment under which the execution had been issued, was obtained by fraud or surprise; or that there was no such judgment. Upon the same principle it is manifest, that where a seizure and sale by a constable, as shown on the face of the proceedings, are void, for want of a sufficient description or designation of the property sold, the defect cannot be cured by an order of ratification, so as to make the sale effectual to pass title to the purchaser. The provisions of the Code do not give such efficacy to the order of ratification. Nor does the deed of the constable to the appellee cure those fatal defects in the proceedings. The deed on its face states that the property therein described had been sold, without stating that it had been seized under the writs of execution, without which the officer would have no power to sell. But apart from this objection, we are of opinion it was not in the power of the constable to cure the defects in his proceedings under the writs, by a deed to the purchaser. Such sales stand upon different grounds from those made by a sheriff, under an execution issued by a Court of record; in the latter the title passes by the seizure and sale, and the purchaser may resort to the deed of the sheriff or any other part of his official proceedings, to identify the land actually seized and sold. *Wright, et al. vs. Orrell,* 19 *Md. Rep.,* 155, *and cases there cited.* But the sale of land under an execution issued by a justice of the peace passes no title till it is ratified; and if the proceedings of the officer under the execution are so defective that no title can pass by the sale when ratified, it is not in the power of the officer thereafter to convey a good title by his deed. Without expressing any opinion upon the other objections to these proceedings stated by the appellant, we think for the reasons stated the judgment of the Circuit Court was erroneous and ought to be reversed, and under the agreement in the record a judgment will be entered for the appellant.

*Judgment reversed and judgment for appellant.*

(Decided 17th March, 1868.)