# DAVID CARROLL *vs.* BENJAMIN F. KERSHNER, and others.

## SALES IN CHANCERY.

*Exceptions to ratification of sales—Usurious contracts—Parties in Equity.*

Where a party institutes proceedings to obtain a decree to sell, *under an agreement to consent to such decree incorporated in a mortgage,* there is no legal or equitable principle which requires him to make subsequent mortgagees and incumbrancers parties to such proceedings.

Although objections may be filed against the sale of mortgaged property by any person interested in the property, yet, as the sale only passes the title which the mortgagor had in the premises at the time of recording the mortgage, no person whose interest would not be affected by the sale would be allowed to intervene.

Where a sale is made under a mortgage, whether the contract was usurious or not is immaterial in an inquiry as to the validity of the sale; usury affects only the distribution of the proceeds, not the sale itself.

If more than legal interest has been extorted by the mortgagee, the Court, in distributing the proceeds, may direct it to be withheld or refused.

APPEAL from the Circuit Court for Baltimore City.

Samuel J. Rouskulp, of Hagerstown, Washington County, Md., on December 18th, 1869, loaned to the defendant, Kershner, a one thousand dollar 5-20 U. S. Bond, for the return of which he took as security a mortgage from the defendant and his wife, of a fee-simple estate in the City of Baltimore, the same as mentioned and reported as sold by the trustee in these proceedings, as of the leasehold estate of the defendant. On the 16th day of November, 1871, Rouskulp loaned in money one thousand dollars to Kershner, and to secure the payment of the promissory note given therefor, Kershner and his wife again united in a mortgage of the same estate to Rouskulp. The $1,000 U. S. Bond thus loaned December 18th, 1869, and the $1,000 in money loaned November 16th, 1871, by Rouskulp to Kershner, on the security of his property, were never returned and at the date of this proceeding remained due and unpaid.

Between the above dates and the 28th of June, 1872, at the instance and request of the defendant and purely from motives of friendship, Rouskulp released, without any consideration whatever, his mortgages, to enable the defendent to obtain other loans on the security of the same estate, and received in lieu of his original mortgages, other mortgages from Kershner and wife, of the same fee-simple estate. The loans referred to thus obtained by Kershner, other than those from Rouskulp, were secured by mortgages of the same estate. On the 30th of May, 1872, Rouskulp being in the City of Baltimore, at the instance and request of the defendant, and without any other consideration whatever than to oblige him, agreed to execute another release to enable Kershner to obtain another loan, provided the total amount to be placed upon the property did not exceed the sum of $8,000; and the mortgages to be given him in case he released, were to be of the same property and estate, postponed only to encum-

brances to the extent of said amount of eight thousand dollars.   He accordingly did execute the release and placed it in the hands of Mr. Glocker, from whom he subsequently received two mortgages from Kershner, not of the fee as expected and so intended, but of the leasehold estate, each bearing date June 28th, 1872, the one being for the return of the $1,000 U. S. Bond, and the other being as security for the payment of the $1,000 loaned in money, both of which mortgages he now holds. Prior to the execution of said mortgages of June 28th, 1872, to Rouskulp, by the defendant, on the same day he, Kershner, together with his wife, conveyed by deed the property mentioned in these proceedings in fee-simple to Amelia C. Hinks, for the sum of six thousand dollars, for which he had agreed to pay as interest, eight per cent., $480 per annum, created by the terms of a lease which he received from Mrs. Hinks on the same day he executed the deed just mentioned.   On this same day, the 28th of June, 1872, and prior to the execution of his mortgages to Rouskulp, and subsequent to the deed to Mrs. Hinks, Kershner executed a mortgage of the leasehold estate, or term of years thus created, or attempted to be created, to David Carroll, the complainant, to secure the payment of the sum of $2,000 loaned by said Carroll to Kershner, at ten per cent. per annum.

On September 21st, 1876, at which time the mortgage to Carroll was long overdue, both as to principal and interest, and the taxes and ground rent on the mortgaged property were also largely in arrears, Carroll filed in the Circuit Court of Baltimore City his petition for a decree to sell the mortgaged property for the satisfaction of his debt.   On this petition the Circuit Court passed a decree in the usual form, directing a sale of the property, and appointing C. W. Ridgely, trustee to make such sale.

The trustee having fully complied with the terms of the decree, as to bond, notice of sale, &c., and the mortgagee

having filed an appropriate statement of his claim under the mortgage, the property was sold at auction on December 5th, 1876, and the sale duly reported to the Circuit Court, and an order of ratification *nisi* passed.

Two sets of exceptions, one by Mrs. Kershner, wife of the mortgagor, and the other by Samuel J. Rouskulp, were filed to the ratification of the sale, and an answer, under oath, was filed by Carroll, the complainant, to each set of exceptions.

Much testimony was taken in support of and against the exceptions, and upon the hearing of the case the Court below passed an order sustaining the exceptions.

From this order of the Court below, sustaining the exceptions to the ratification of the sale, and setting aside the sale, this appeal is taken.

The exceptions and the answer thereto are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, ALVEY, ROBINSON and BOWIE, J.

*S. D. Schmucker*, for appellant.

In order to avoid confusion, the questions presented by the two sets of exceptions contained in the record will be separately considered, taking first those presented by the exceptions filed on behalf of Mrs. Kershner. The first, third and fourth of Mrs. Kershner's exceptions say, in substance, that the deed made by her jointly with her husband to Mrs. Hinks, and the lease afterwards made by Mrs. Hinks to Benjamin F. Kershner were made in pursuance of an usurious contract, and were therefore *void*, and did not constitute an effectual bar to the right of dower claimed by Mrs. Kershner in the property thereby conveyed.

1st. The appellant insists that he was not in any way a party to the transactions between Mrs. Hinks and the

Kershners, by which the ground rent was created, and had no knowledge whatever of any facts connected with such transactions, except as they are disclosed by the deed and lease, which, upon their faces, are straightforward conveyances, having about them no suggestion or intimation of any infirmity whatever.

2nd, The appellant further insists that the facts disclosed by the record in this case instead of showing or suggesting that the deed and lease of Mrs. Hinks were made to carry into effect an usurious loan, show plainly that those conveyances were intended to create a *redeemable ground rent*, and for no other purpose. In three distinct and independent mortgages made by Kershner, after the Hinks lease to him, he describes his interest in the property in question as a *leasehold interest*, and refers to the Hinks lease as the original source of his title, and the accounts of his dealings with Mrs. Hinks, relative to the property in question, which the appellees offered in evidence in this case, show that every dollar paid by Kershner to Mrs. Hinks was paid as *ground rent*, or interest on overdue ground rent.

3rd. Even if the Hinks deed and lease had been made to carry into effect an usurious loan, they were not therefore void. It is well settled in Maryland that usury does not avoid the entire contract, but only renders it void as to the excess of interest charged above the legal rate of six per centum. *Bandel vs. Isaacs*, 13 *Md.*, 202, 221, 224; *Baugher vs. Nelson*, 9 *Gill*, 299.

4th. Usury is a defence which will not be presumed from a state of facts that is consistent with a lawful purpose, nor from an instrument that is consistent with correct dealing. The proof of usury must be full. *Wetter vs. Hardesty*, 16 *Md.*, 11; *Tyler on Usury*, 122, 261, 468, 469; *Booth vs. Sweezy*, 8 *N. Y. Rep.*, 276, 278, 280–1–3; *Martin vs. Feeter*, 8 *Wend.*, 533–4.

5th. In order to constitute usury there must be an agreement that the money lent *shall be returned at all events*. *Williams vs. Reynolds*, 10 *Md.*, 65.

6th. An absolute deed will be decreed to be a mortgage only in case where *fraud or mistake is clearly proven*.

There is no allegation or pretence of *fraud* in this case, and the cases say that the *proof of a mistake* should be established as much to the satisfaction of the Court as if it were admitted; and the difficulty of doing this is so great that there is no instance of its prevailing against a party insisting that there is no mistake. *Watkins vs. Stockett*, 6 *H. & J.*, 445; *McElderry vs. Shipley*, 2 *Md.*, 35, 37; *Ellinger vs. Crowl*, 17 *Md.*, 375.

7th. Mrs. Kershner, although a married woman, was perfectly competent to bar her dower in the property in question, by joining her husband in a deed of the same, *and this she did* in the conveyance to Mrs. Hinks. It is in vain for her now to say that she did not know what the deed contained, but signed it at the request of her husband—she *signed* and *acknowledged it*, and Carroll acted on the faith of her deed, and she cannot now repudiate it to his prejudice.

II. The exceptions filed on behalf of Samuel J. Rouskulp are mainly disposed of by the preceding portion of this brief, but they contain some matters that will be specially noticed.

1st. The objection by Rouskulp, that he was not made a party to the proceedings, is not valid, as it is not necessary in a proceeding like the present to make a subsequent encumbrancer a party. *Warfield vs. Ross*, 38 *Md.*, 85, 90.

2nd. But the real ground of Rouskulp's exceptions is the alleged arrangement between him and his agent, Glocker, of which it is not even pretended that Carroll had any knowledge or intimation, by which Glocker was to deliver Rouskulp's release of an earlier mortgage, only

upon certain conditions, to wit : that there should be only $8,000 of encumbrances placed upon the property ahead of his new mortgages.

A careful examination of the record shows : first, that Rouskulp's pretence in this respect is utterly inconsistent with the facts of the case ; and second, that in point of fact no more than $8,000 of encumbrances were placed on the property in advance of Rouskulp's new mortgages.

If Rouskulp has grievances, they cannot be redressed in this proceeding. He should have filed an original bill, making all persons interested parties, and giving Mrs. Hinks an opportunity to defend her rights, and it should have been done long ago.

But suppose the sale be set aside, what is Mr. Carroll to do ? The trustee has sold the property described in the mortgage according to the direction of the decree—a leasehold interest according to the terms of the lease. If the sale is set aside, the trustee can do no more, and Mr. Carroll is without remedy.

No exception whatever was taken in the Court below to the conduct of the trustee in making the sale, and the record shows that his management of the sale was strictly in accordance with the law, and was in no manner calculated to injure or prejudice the interests of any person having an interest in the property sold.

All of the terms of the decree authorizing the sale were fully complied with by the trustee. The notice of the sale which was published for the requisite time in the two leading daily newspapers of Baltimore City, was of the fullest character, and gave the particulars of the title of the property to be sold, with more than usual detail, and especially set forth the fact that the ground rent could be redeemed for $6000.

Carroll's proceedings for a sale of the mortgaged property were founded upon the power plainly given to him by his mortgage, and were conducted fairly, and strictly

in accordance with the law, and he cannot now be deprived of the fruits of his mortgage, or called into question for the acts of other persons not parties to this proceeding, in which he did not participate, and of which he had no knowledge when he loaned his money and took his mortgage. But the appellant goes further, and says that the record signally fails to fasten the taint of usury upon the transactions by which the ground rent on the property was created, and submits that equity and good morals require that the appellees be held to the deeds which they have solemnly made under seal, and formally acknowledged as their own acts, and on the faith of which the appellant innocently parted with his money and took his mortgage.

*John R. Kenly,* for the appellees.

Stripping this case of all apparently extraneous matter, it presents for the consideration of the Court, the following:

1st. We have pleaded and proven usury in the contract between Hinks and Kershner, the defendant, in the creation of the leasehold estate, mortgaged to the complainant, Carroll, and sold by the trustee in these proceedings, and we claim the benefit of section 57, Article 3, Constitution of the State of Maryland, and of Article 95, entitled "Usury," of the Maryland Code of General Laws, and especially of section 4 of said Article.

2nd. The estate mortgaged by the defendant to the complainant, and to the ratification of the sale of which we have excepted, was an estate created by an usurious contract which we have proven to have added an additional encumbrance of two thousand dollars on it, and it is demonstrated from the amount realized by the sale, that if this additional encumbrance had not been on the property, it would have sold for enough to have paid Rouskulp, the exceptant's mortgage debt of two thousand dollars, which reason is of itself, we think, sufficient for affirming the order of the Court below.

7. Why will not the principles laid down by the Court in *McCracken vs. The German Fire Ins. Co., et al.*, 43 *Md.*, 471, apply to this case? Ridgely knew there were encumbrances upon the property ; ought he not to have seen that Rouskulp's debt was paid with the money obtained from Hinks? There was surely enough to put him on inquiry. The release had been lying for a month in Glocker's hands after execution by Rouskulp, and before delivery.

In behalf of, the exceptant, Mrs. Kershner, wife of defendant, we say :

The contract by which the potential right of dower in the fee-simple estate was extinguished, was usurious and illegal ; it was a tortious act in its entirety, and she is not responsible, though a participant, because of her coverture. 2 *Kent's Com.*, 149 ; *Article* 95, *Code Genl. Laws of Md.* ; 2 *Bouvier's Law Dictionary, Definition of Tort* ; 1 *Chitty's Pleading, top page* 132, *marginal page* 133 ; *8th Edition for Enlarged Definition of Tort.*

BOWIE, J., delivered the opinion of the Court.

The petition of the appellant, filed in the Circuit Court of Baltimore City, on the 21st of September, 1876, represented that a certain Benjamin F. Kershner of said city, to secure the payment of the sum of $2000, due the petitioner, conveyed to the petitioner by indenture of mortgage certain leasehold premises, lying in said city, with an agreement therein that a decree for the sale of the property at any time after default made might be passed pursuant to Md. Code Pub. Local Laws, Art. 4, sec. 782, &c., as would more fully appear from the said mortgage, therewith exhibited, dated the 28th of June, 1872.

The petition further alleged that the principal debt was long since due, with interest thereon, and prayed a decree for sale.

On this petition and exhibit, the Court passed a decree in the usual form, directing that the property be sold, and

Charles W. Ridgely was appointed trustee to sell upon giving bond, &c.

The trustee having filed his bond, which was duly approved, the mortgagee filed "a statement of the amount of the mortgage claim remaining due," under oath, accompanied by the note of the mortgagor intended to be secured by the mortgage.

The trustee advertised, giving due notice of the time, place and terms of sale, and sold the premises for $3600, and reported the sale on the 6th of December, 1876.

Whereupon an order *nisi* was passed.

Afterwards on the 4th of January, 1877, exceptions were filed to the sale by Margaret Kershner, wife of the mortgagor, and Samuel T. Rouskulp, a subsequent mortgagee.

Mrs. Kershner's exceptions are as follows :

1st. "That at the time of the execution of the contract, by which the fee-simple of the estate mentioned in the proceedings was converted into a leasehold estate—an estate for years—she was under coverture, the wife of B. F. Kershner, the defendant, and says that said contract was illegal, usurious and void."

2nd. "She claims a potential right to dower in the property and premises, named and described in these proceedings, and has not been made a party thereto."

3rd. "That the legal estate and title to the property and premises, &c., was not in Benjamin F. Kershner, the defendant, at the time of the execution of the mortgage to the complainant."

4th. "That the contract for the payment of *the rent in the lease* mentioned in these proceedings, recited in the mortgage aforesaid, was usurious and void, and she is not bound by it."

5th. "She was made a party defendant with others, in an action of ejectment, instituted at September Term, 1876, of the Superior Court of Baltimore City, by Amelia C.

Hinks, to recover possession of the property, &c., that process was served upon her, to which she appeared and pleaded, and that the complainant was a co-defendant."

6th. "That while said action of ejectment was pending, the complainant, her co-defendant, without notice to her, obtained a decree for the sale of the property."

7th. "That after said decree had been obtained by the complainant, for the sale of the property, &c., the action of ejectment was entered 'off,' by order of the plaintiff's attorney."

8th. "That these proceedings were a surprise to her."

Rouskulp's exceptions are in several instances repetitions or duplicates of Mrs. Kershner's.

His first exception is, that he was not a party, (which is included in Kershner's, No. 2.)

His second, that he *was* a prior encumbrancer, and only consented to release his security of mortgage, upon conditions not complied with by the complainant and defendant.

His third exception is a mere particular specification of the second, viz : "being a creditor of the defendant to the amount of $5000, and holding a mortgage in fee on the property in the proceedings mentioned, from the defendants, B. F. Kershner and wife, as security therefor, which was known to the complainant, he only consented to postpone his claim to that of complainant, upon condition that his debt was to be secured by a mortgage of the fee, instead of which he was given a mortgage of the leasehold of the estate—or term of years, &c., and his release was without consideration and void."

4th. Because the contract between the defendant and Mrs. Hinks, made with the knowledge, co-operation and consent of the complainant, by which the fee was converted into a term of years, was in disregard of the understanding upon which the exceptant agreed to release his prior mortgage, and is otherwise *usurious, illegal and void.*

The 5th is a duplicate of Mrs. Kershner's third objection, that the title to the leasehold was not in the defendant when he executed the mortgage to the complainant.

6th. Includes Kershner's fifth and sixth. That he was made a co-defendant with Carroll in the ejectment suit, brought by Hinks, in the Superior Court, and pending these proceedings the decree for sale was obtained without notice to the exceptant.

7th. Surprise.

These exceptions were answered severally by the appellant, denying all knowledge of the previous relations between Hinks and Kershner, and Rouskulp and Kershner, except what he derived from the records and deeds filed in the case, from which it appeared Mrs. Hinks had united with her husband in relinquishing her dower and divested herself of all interest therein. The respondent denied the exceptant Kershner had any potential right of dower in the premises, and that she should have been made a party defendant. He denied that B. F. Kershner had not, at the time of the execution of the mortgage, title to the property mortgaged.

The respondent denied all knowledge of the contract for the rent reserved in the lease from Hinks to Kershner than that derived from an examination thereof, and denied that said contract was in any way usurious.

The respondent admitted the institution of the ejectment suit, but denied all combination or connection with the same, averred he had never been served with notice, and that an appearance had been entered for him without his privity and consent. He admits that pending the ejectment he procured his decree for sale, but did not advertise the property until after the ejectment was entered "off."

In the answer of Carroll to the exceptions of Rouskulp, he denies all acquaintance with him personally, and all previous negotiation, discussion or agreement with him

in relation to the property sold under the decree. He declares he was applied to through a broker for a loan of $2000, to be secured by a mortgage of the property in question, subject to a ground rent of $480 to Mrs. Hinks, but free from all other encumbrances; he agreed to make the loan should the title be found to be satisfactory.

On examining the title, a number of other liens were found to exist, but releases for these were prepared by and were in the hands of the attorney of Mrs. Hinks.

The liens were to be duly released, a deed conveying the fee to be made by Kershner and wife to Hinks, and a lease by her to B. F. Kershner, reserving the above rent, and Kershner was then to execute the mortgage to the respondent. The respondent, through his attorney, was informed a second mortgage, subject to complainant's, was to be executed by Kershner to some person living in the country, whom respondent did not know, but who it appeared afterwards was the exceptant. He was not informed of the amount or the consideration of the second mortgage and made no inquiries, being only interested in having it made subject to his own.

The respondent further answering denied the right of Rouskulp to be made a party: he averred that the exceptant, having voluntarily released his prior encumbrance, and not at the instance or request of the respondent, could not avoid his release as to strangers who had no knowledge of its conditions, or that any had been broken.

He further denied all knowledge of the conditions on which the exceptant Rouskulp consented to waive his lien—also denied that the contract between Kershner and Hinks was usurious, and that he was a party to the understanding between them, or that he in any way ever sought to induce the exceptant to waive, postpone or release his prior mortgage. He denied the allegation of exceptant that the legal title to the premises was not in Kershner, at the date of the mortgage to respondent, and referring

to his answer to the exceptions of Kershner, he denied all surprise, etc.

Every important fact alleged by the exceptants was put in issue by the answers, and the burden of proof thrown on them.

Depositions were taken by the exceptants and appellants, in support of their respective allegations and answers, and a mass of documentary evidence, filed as exhibits, encumbering the record unnecessarily, contrary to the new rules regulating appeals. The exceptions having been argued by the counsel for the exceptants and appellant, the sale made and reported by the trustee was set aside by the order of the Court below, and the exceptions sustained. No reasons are assigned by the learned Judge for his order: we must therefore search the record for the grounds of his action: no particular exception is referred to, as the basis of the Court's decree; we are at a loss to know which of the exceptant's objections were most influential, or whether all were equally tenable in the opinion of the Court.

It is proper to premise that no objection is made to the model character of the sale. There is no charge of irregularity, or misconduct in conducting the sale. No complaint of departure from the terms of the decree, in time, place or circumstance: no imputation upon the motives of complainant or the trustee; no suggestion of inadequacy of price.

The exceptants in effect complain, that though the decree, sale, etc., were legally regular in every other respect, they ought to be set aside,—

1st. Because they were not made parties.

The first exceptant, Mrs. Kershner, had no legal or equitable interest in the property sold. She had united in a deed with her husband, conveying all her interest in fee to Mrs. Hinks for a valuable consideration, which estops her from questioning its effect, unless she can impeach it for fraud.

There is no evidence of imposition or deceit practiced upon her, unless her too credulous confidence in her husband and next friend can be construed as such. She does not impute to him any misrepresentation or undue influence, but asserts only her voluntary ignorance of the nature of the transaction. It is not shown she was not capable of reading or understanding the instruments she executed : " *volenti non fit injuria.*"

There is no legal or equitable principle which required the appellant to make subsequent mortgagees or encumbrancers parties to proceedings to obtain a decree to sell, *under an agreement to consent to such decree incorporated in the mortgage. Hays vs. Dorsey*, 5 *Md.*, 99.

The proceedings in this case, although not instituted under the 64th Art. of Public General Laws, is in pursuance of a similar special authority vested in the Courts of the City of Baltimore. In an analogous case this Court held, speaking of such special powers and jurisdiction : "Although objections may be filed against the sale by any person interested in the property, yet it is apparent, as a sale only passes the title which the mortgagor had in the premises at the time of recording the mortgage, no person whose interest would not be affected by the sale would be allowed to intervene." *Warfield vs. Ross*, 38 *Md.*, 85, 90.

The exceptants or petitioners, to open the decree in that case, also urged as a reason, that the contract was usurious. To which this Court replied : " Whether the contract was usurious or not, is immaterial in an inquiry as to the validity of the sale. This Court has recently determined that usury affects only the distribution of the proceeds, not the sale itself. If more than legal interest has been extorted by the mortgagee, the Court in distributing the proceeds, may direct it to be withheld or refunded." *Vide Powell & Harrison vs. Hopkins*, 38 *Md.*, 1, and *Md. Perm't Building Society of B. vs. Smith & Carroll*, 41 *Md.*, 516.

The objection of the exceptants, that the decree was obtained pending the action of ejectment instituted by Mrs. Hinks, does not constitute any legal ground for setting aside a sale, in the absence of all evidence of combination, collusion and fraud. No such charge is directly made, and it is wholly rebutted, if intended to be implied, by the testimony of the trustee.

Without extending this opinion unnecessarily, it is sufficient to say, we have not been able to find in the facts or the law of this case, any reason for setting aside the sale. The order appealed from will therefore be reversed, and the cause remanded.

*Reversed and remanded.*

(Decided June 20th, 1877.)