# THE KENT BUILDING AND LOAN COMPANY *vs.* JESSE K. MIDDLETON, ET AL.

*Irregularity in Proceeding Before a Justice of the Peace— Redemption of Mortgage by Purchaser of Equity of Mortgagor—Tender—Exception to Mortgage Sale.*

When the defendant in a suit instituted before a Justice of the Peace has been duly summoned, the Justice acquires jurisdiction which is not affected by a subsequent irregular proceeding, the remedy for that being by appeal.

The purchaser at an execution sale of the equity of redemption of a mortgagor is entitled to redeem the mortgage, although the sheriff's deed conveying the equity to him may not have been recorded.

An offer to redeem a mortgage with a tender of the amount due, although coupled with the request that the mortgage be assigned and not released, is an absolute and not a conditional tender.

When a tender made in the form of a check on a bank is refused, not because so made but on other grounds, the creditor waives his right to have the tender made in lawful money.

When a person who has an interest in the equity of redemption, or who is a lien creditor of the mortgagor, makes an unconditional tender to the mortgagee of the amount then

due on the mortgage and costs, with a request for an assign-
ment of the mortgage, it is the duty of the mortgagee to ac-
cept the money without insisting on a release of the mort-
gage, if there is any reason why it cannot be assigned.

When a tender of the amount due on the mortgage has been
made by a person authorized to redeem it, which tender is
refused and the mortgage is foreclosed, such person is enti-
tled to except to the ratification of the mortgage sale.

*Decided January 11th, 1910.*

Appeal from the Circuit Court for Kent County (PEARCE.
C. J.).

The cause was argued before BOYD, C. J., SCHMUCKER,
BURKE and THOMAS, JJ.

*John D. Urie,* for the appellant.

*Hope H. Barroll,* for the appellees, submitted the cause on
his brief.

THOMAS, J., delivered the opinion of the Court.

On the 28th of February, 1903, Jesse K. Middleton, of
Kent County, with his wife, Hester E. Middleton, executed
and delivered to the Kent Building and Loan Company, of
Chestertown, Maryland, a mortgage on his property situated
in said county to secure a loan of five hundred dollars from
the Company. On the 23rd of December, 1904, Charles B.
Watkins recovered a judgment of a Justice of the Peace
against him for $58.26, which was recorded January 16th,
1905, and on April 17th, 1905, a judgment was obtained
against him for $155.15 by Josiah C. Armiger. Execution
was issued June 22nd, 1906, on the Watkins judgment, and
the property of the mortgagor covered by said mortgage was
sold by Andrew Meadows, Sheriff of Kent County, subject
to said mortgage for fifty dollars to Charles B. Watkins, who
received from the sheriff a deed for the property, dated the

13th of November, 1907. Being anxious to retain his prop-
erty, Middleton induced Watkins and Armiger, who desired
to secure their claims and at the same time help him, to agree
to accept two hundred dollars in payment of their judgments,
and the Kent Building and Loan Company agreed to lend
him the two hundred dollars with which to make the payment.
Watkins and Armiger accordingly notified their counsel,
Hope H. Barroll, Esq., who represented them in the matter,
of their willingness to accept the two hundred dollars, and
he prepared a deed of the property from Watkins and wife
to Middleton, which was executed, in pursuance of an under-
standing with Armiger, and left with Mr. Barroll to be de-
livered to Middleton upon receipt of the two hundred dollars.
Mr. Barroll then notified the Building and Loan Company
that he had the deed and was ready to close the transaction
agreed upon. The company referred the matter to its coun-
sel, who upon examining the title found that the deed from
the Sheriff to Watkins and the proceedings under the execu-
tion had not been recorded, and that the Watkins judgment
had been rendered, after an *ex parte trial.* sixteen days after
the return day, and concluded that the title was defective
and declined to approve the loan. Mr. Barroll was notified
by the company that its counsel had found the title to prop-
erty defective and that it would not. therefore, make the loan,
and on the same day he, representing Mr. Watkins, and by
his authority, wrote Mr. Russell, Secretary of the Company,
the following letter:

"CHESTERTOWN, MD., Jan. 29, 1908.

Mr. J. Waters Russell, Town.

Dear Sir:—Please give me a statement of the mortgage
against Jesse K. Middleton and I will pay same off pending
arrangements he is now making for same.

Yours truly,

HOPE H. BARROLL."

To this letter Mr. Russell replied, February 7th, 1908, sending a statement showing the amount due on the mortgage to be $177.05. On the 8th of February, 1908, the day he received the letter of February 7th from Mr. Russell, Mr. Barroll wrote him enclosing his check for the $177.05, and stating: "Herewith enclosed I hand you check for $177.05 of the mortgage of J. K. Middleton due the Kent Building and Loan Company. Please assign the mortgage to me. I pay it at the request of Mr. Durding and Mr. Middleton. Mr. Durding writes me today he expects to take it up. He does not want the mortgage released." Mr. Durding was one of the directors of the company, and through whom Middleton had secured the promise of the company to lend him the two hundred dollars. On the 11th of February, 1908, Mr. Russell replied as follows: "I am authorized by our board to return you your check for $177.05, which I herein send you, as we are unable to assign the mortgage without Mr. Jesse K. Middleton's concurrence," and says in his testimony that he saw Middleton before he returned the check, and that he stated that Mr. Barroll was not acting for him or authorized by him to take an assignment of the mortgage, and that he was not willing to have the mortgage assigned to him; that if Middleton had been willing to have the mortgage assigned the "Company would have assigned it upon the receipt of Mr. Barroll's check," and that the only reason the company did not accept the check and it was returned, was because Middleton would not give his consent to the assignment of the mortgage. On the same day that Mr. Barroll's check was returned, John D. Urie, Esq., the attorney named in the mortgage, filed his bond and instituted foreclosure proceedings. The property was sold under the mortgage, and the sale was reported on the 10th of March, 1908. On the 20th of March, 1908, Charles B. Watkins filed exceptions to the ratification of the sale, and the Circuit Court for Kent County, on the evidence in the case, which clearly establishes the facts we have stated, passed an order sustaining the exceptions, setting aside the sale and allowing Charles B. Watkins

thirty days within which to renew the tender of the amount theretofore tendered by him; and providing that upon his failure to do so, the mortgagee may sell the property under the mortgage.

In this order of the learned Court below we fully concur. The officers of the appellant knew that Middleton desired the loan of two hundred dollars for the purpose of settling the Watkins and Armiger judgments, and when Mr. Barroll noti-fied them that he held the deed from Watkins and wife to Middleton and was ready to close the transaction, they must have understood that he did so as attorney for Watkins. Hav-ing determined not to make the loan, they accordingly notified both Mr. Middleton and Mr. Barroll, and when Mr. Barroll promptly wrote the secretary and treasurer of the company, requesting a statement of the amount due on the mortgage, and saying that he intended to pay the same, they knew he was representing Mr. Watkins, and had no reason to infer that he was acting for anyone else when they returned his check, for Mr. Middleton had told them that he had no authority to act for him. As he was authorized by Mr. Wat-kins to redeem the mortgage, and as his check for the amount then due on the mortgage was tendered for that purpose, the only questions presented by the record, are (1) whether Mr. Watkins had a right to redeem it; (2) whether there was a sufficient tender for that purpose; and (3) whether, upon the refusal of the company to accept the amount tendered, Mr. Watkins had a right to except to the ratification of the sale.

The short copy of the Watkins judgment offered in evi-dence does not show on its face that the defendant was sum-moned, but there is no exception to this evidence; it does not appear that the validity of the judgment was ever questioned by Mr. Middleton, who admits in his testimony that Mr. Watkins held a judgment against him, and Mr. Urie, counsel for the appellant, who examined the proceedings in the case, states in his testimony that the defect he found in the judg-ment was that it had been rendered sixteen days after the return day of the writ. *Insolvent Estate of Leiman*, 32 Md.

page 244. No question as to the validity of the judgment has been suggested either in the oral argument of the learned counsel for the appellant or in his brief, and there can be no doubt that where the defendant has been summoned and the justice thereby acquires jurisdiction in the case, if he subsequently proceeds erroneously or irregularly his jurisdiction is not thereby affected, and the only remedy is by appeal. *Mottu* v. *Fahey,* 78 Md. 389; *Weed* v. *Lewis,* 80 Md. 128.

While counsel for the company, who examined the title and the proceedings under the execution, may have been justified in declining to recommend the loan until the deed from the Sheriff to Mr. Watkins had been recorded, we think the deed, the execution and delivery of which has been proved, is evidence of the sale of the property to Mr. Watkins and of his right to redeem the mortgage. *Estep* v. *Weems et al.,* 6 G. & J. 303; *Dorsey* v. *Dorsey,* 28 Md. 388.

In 2 *Story's Equity,* sec. 1023 (5th ed.), the learned author says: "It is clear, that the equity of redemption is not only a subsisting estate and interest in the land in the hands of the heirs, devisees, assignees and representatives (strictly so called) of the mortgagor; but it is also in the hands of any other persons, who have acquired any interest in the lands mortgaged by operation of law, or otherwise, in privity of title. Such persons have a clear right to disengage the property from all incumbrances, in order to make their own claims beneficial or available. Hence a tenant for life, a tenant by the curtesy, a jointress, a tenant in dower in some cases, a reversioner, a remainderman, a judgment creditor, a tenant by elegit, the lord of a manor holding by escheat, and, indeed, every other person, being an incumbrancer, or having legal or equitable title, or lien therein, may insist upon a redemption of the mortgage, in order to the due enforcement of their claims and interests respectively in the land." And in 3 *Equity Juris.,* sec. 1220 (3rd ed.), Mr. Pomeroy states that, "Any person who holds a legal estate in the mortgaged premises, or in any part thereof, derived through, under or in privity with the mortgagor, and any person holding either

a legal or equitable lien on the premises, or any part thereof, under or in privity with the mortgagor's estate, may also in like manner redeem from the prior mortgage." The same rule is recognized in 2 *Jones on Mortgages,* sections 1055-1069 (5th ed.); *McNiece* v. *Eliason,* 78 Md. 168; *Parsons* v. *Urie,* 104 Md. 238.

There can be no doubt on the authorities cited of Mr. Watkins' right to redeem the mortgage.

2. The tender made by Mr. Barroll was not made upon the condition that the company assign the mortgage to him. In his letter asking for a statement of the amount due he stated that he intended to pay it, and he accordingly sent his check for that purpose. The statement in his letter enclosing the check that Mr. Durding did not want the mortgage released, and the request that the mortgage be assigned to him, do not show a conditional tender, but an absolute tender accompanied by a request to assign the mortgage and not to release it. Nor was the tender refused because it was in the form of Mr. Barroll's check, but it was declined, as stated by the secretary and treasurer of the company, because Mr. Middleton would not consent to an assignment of the mortgage. Under such circumstances the appellant must be regarded as having waived all objection to the form of the tender. In the case of *McGrath* v. *Gegner,* 77 Md. 331, JUDGE ROBINSON says, "we take it to be well settled that, where a tender is made, whether it be by ordinary bank notes, or by a cheque on a bank, and the tender is refused, not because of the character or quality of the tender itself, but on other grounds, the tender thus made and refused will be considered in law a lawful tender. And for the reason, that all objection to the character of the tender will be considered as having been waived; and for the further reason, that, if objection had been made on the ground that the tender was not made in lawful money, the party would have had the opportunity of getting the money and of making a good and valid tender." See also *Hartsock* v. *Mort,* 76 Md. 292, and *Bonaparte* v. *Thayer,* 95 Md. 548.

Where a person who has an interest in the equity of redemption, or a lien creditor of the mortgagor makes an unconditional tender to the mortgagee of the amount then due on the mortgage, and of the amount of any costs that have been properly incurred, with a request for an assignment of the mortgage, if there is any reason why the mortgage cannot be assigned, it is the duty of the mortgagee to accept the money without insisting upon a release of the mortgage. *Parsons* v. *Urie, supra.*

3. Section 9 of Article 66 of the Code, provides that all sales under a mortgage shall be reported to the Court, and that "the Court shall have full power to hear and determine any objections which may be filed against such sale by any person interested in the property and may confirm or set aside said sale." The appellee was interested in the property, and having tendered to the mortgagee the full amount then due on the mortgage for the purpose of redeeming it, as he had a right to do, the mortgagee had no right to institute foreclosure proceedings, which a Court of equity, upon proper application, would have enjoined. As a mortgagee has no right to make the sale after a lawful tender of the amount due, the sale, when made, may be excepted to by the party authorized to redeem the mortgage and who made the tender. *Carroll* v. *Kershner,* 47 Md. 262; *McNiece* v. *Eliason,* 78 Md., *supra; Aukam* v. *Zantzinger,* 94 Md. 421.

The Court below did not, in his view of the case deem it necessary to pass on the exceptions of the mortgagee to the evidence, and it is only necessary to say, that in so far as they relate to the evidence to which we have referred and upon which we base our conclusions, they should have been overruled.

For the reasons we have stated, the order appealed from must be affirmed.

> *Order affirmed, the costs in this Court and in the Court below to be paid by the Kent Building and Loan Company.*